THOMAS v INTERNATIONAL HARVESTER COMPANY

1. NEGLIGENCE—PRODUCTS LIABILITY—TRIAL—JURY QUESTION.

   A plaintiff's case in a trial on a products liability claim can be taken from the jury only in extreme circumstances where one of the theories is defendant's negligence.

2. TRIAL—DIRECTED VERDICT—EVIDENCE.

   A directed verdict is proper only if the evidence, viewed in the light most favorable to the non-movant, does not establish a prima facie case against the movant.

3. PRODUCTS LIABILITY—USE OF PRODUCT—DUTY TO WARN—FORESEEABILITY OF INJURY.

   A defendant manufacturer's duty to give a warning as to the danger inherent in the use of its product in a certain manner depends upon whether plaintiff's use of the product and the injury sustained was foreseeable.

4. PRODUCTS LIABILITY—JURY QUESTION—USE OF PRODUCT—FORESEEABILITY OF INJURY—DUTY TO WARN.

   The question was for the jury as to whether the existence of certain facts made a use of defendant's product or plaintiff's injury suffered as a result of such use foreseeable, and thus whether there was a duty to warn on the part of the defendant in a products liability action where the plaintiff claimed an eye injury when a piece of a bearing chipped off while he was hitting the bearing and where there was evidence that it was not unusual to tap bearings with a hammer, witnesses testified that it was a common practice in the area, printing on the box containing the bearings referred to such use, evidence that hammering the bearing might cause the injury was introduced, and an expert testified that hitting steel of the hardness of the bearing would cause a chipping.

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability § 25 *et seq.*

[2] 75 Am Jur 2d, Trial §§ 534, 537.

   Direction of verdict: effect of explanatory or qualifying testimony to nullify prima facie case made by plaintiff. 66 ALR 1532.

[3, 4] 63 Am Jur 2d, Products Liability §§ 52, 53, 57, 58, 131.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 June 5, 1974, at Detroit. (Docket No. 17125.) Decided November 27, 1974.

Complaint by Louis M. and Patricia A. Thomas against International Harvester Company for injuries received while trying to free a bearing on a combine designed, manufactured and sold by defendant. Judgment for defendant. Plaintiff appeals. Reversed.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *William H. Goodman* and *Robert A. Koory)*, for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen,* for defendant.

Before: Bronson, P. J., and J. H. Gillis and Van Valkenburg,* JJ.

Per Curiam. Plaintiff-appellant Thomas[1] went to trial on a products liability claim. At the close of Thomas' proofs, defendant-appellee International Harvester moved for a directed verdict. That motion was granted by the trial judge. This appeal followed. The sole issue presented is whether disposition by directed verdict was appropriate.

Thomas was injured while trying to free a "frozen" bearing on a combine designed, manufactured, and sold by defendant. He was "hitting" the bearing with a hammer when a piece of the bearing chipped off and flew into his right eye, causing permanent loss of sight.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Both Louis and Patricia Thomas are plaintiffs-appellants. For simplicity, we shall refer to them in the singular.

The bearing apparently chipped because it is made of extremely brittle steel. There is no claim that the bearing was improperly designed or manufactured. Its fitness for its intended purpose is likewise undisputed.

Thomas sought a jury determination of the question of Harvester's duty to warn that the bearings used in its combine posed a serious danger to those who would challenge their brittle character. Thomas also sought to have the jury pass on the adequacy of Harvester's alleged warnings.[2]

Since one of Thomas' theories was negligence, his case could be taken from the jury only in extreme circumstances. *Kubasinski v Johnson,* 46 Mich App 287; 208 NW2d 74 (1973). The directed verdict was proper only if the evidence, viewed in the light most favorable to the non-movant, does not establish a prima facie case against the movant. Stated differently, the directed verdict can be granted only if reasonable men cannot differ on the facts interpreted most favorably to the non-movant. *Kieft v Barr,* 391 Mich 77; 214 NW2d 838 (1974); *Blazo v Neveau,* 382 Mich 415; 170 NW2d 62 (1969); *Schedlbauer v Chris-Craft Corp,* 381 Mich 217; 160 NW2d 889 (1968).

Whether there is a duty to warn depends on whether Thomas' use of the product *and* the injury he sustained was foreseeable.[3] 1 Frumer and Friedman, Products Liability, § 8.03[1] pp 161–165. There was evidence that it was not unusual to tap bearings with a hammer. Witnesses testified that it was a common practice in the area. Printing on

---

[2] Harvester argued, in the alternative, both that there was no duty to warn and that, even if there was, that duty had been discharged in this case.

[3] The issue is whether the use was *foreseeable,* not whether it was *intended. Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972); *Simonetti v Rinshed-Mason Co,* 41 Mich App 446; 200 NW2d 354 (1972).

the box containing the bearings referred to such a use.[4] Evidence that hammering the bearing might cause the injury suffered here was also introduced by Thomas. An expert testified that hitting steel of the hardness of the bearing in question would cause cracking or chipping. Whether such facts made the use or the injury foreseeable, and thus whether there was a duty to warn, was for the jury. *Schedlbauer v Chris-Craft Corp, supra,* at 223; *Comstock v GMC,* 358 Mich 163, 178; 99 NW2d 627 (1959).

This is *not* a case involving a demonstrably obvious danger. The expert witness testified that the hardness of steel is not apparent to the naked eye. Rather, he claimed that expert knowledge and microscopic examination is required to determine whether a given steel will chip when tapped with a hammer.[5]

The propriety of granting a directed verdict on the question of the adequacy of a warning was recently dealt with in *Hill v Husky Briquetting, Inc,* 54 Mich App 17; 220 NW2d 137 (1974). We there held that the question of adequacy must be determined by the jury. We see no reason to refrain from applying that decision to the present case.

Both the question of whether Harvester had a duty to warn and the question of whether whatever, if any, warning given was adequate were for the jury. We are convinced after careful study that on this record the facts were not so clear that all men would draw the same conclusion from them.

[4] "6. Do not strike bearing with hammer." We do *not* decide whether this is an instruction or a warning. *See Hill v Husky Briquetting, Inc,* 54 Mich App 17; 220 NW2d 137 (1974), for a discussion of the difference.

[5] Thus *Fisher v Johnson Milk Co,* 383 Mich 158; 174 NW2d 752 (1970), is distinguishable from the case at bar.

Accordingly, Thomas had a right to have a jury resolve this dispute.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.