Frank J. FERLITO and Susan Ferlito, individually and as Next Friend for Jennifer Ferlito, Joseph Ferlito and Frank John Ferlito, II, Plaintiffs,

v.

JOHNSON & JOHNSON PRODUCTS, INC., a New Jersey corporation, Defendant.

Civ. A. No. 88–71248.

United States District Court, E.D. Michigan, S.D.

Aug. 22, 1991.

**198**

Gary C. Berger, Milan, Miller, Berger, Brody & Miller, P.C., Detroit, Mich., Kenneth A. Webb, Kenneth A. Webb, P.C., Troy, Mich., for plaintiffs.

Robert S. Krause, Brian K. Cullin, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

GADOLA, District Judge.

Plaintiffs Susan and Frank Ferlito, husband and wife, attended a Halloween party in 1984 dressed as Mary (Mrs. Ferlito) and her little lamb (Mr. Ferlito). Mrs. Ferlito had constructed a lamb costume for her husband by gluing cotton batting manufactured by defendant Johnson & Johnson Products ("JJP") to a suit of long underwear. She had also used defendant's product to fashion a headpiece, complete with ears. The costume covered Mr. Ferlito from his head to his ankles, except for his face and hands, which were blackened with Halloween paint. At the party Mr. Ferlito attempted to light his cigarette by using a butane lighter. The flame passed close to his left arm, and the cotton batting on his left sleeve ignited. Plaintiffs sued defendant for injuries they suffered from burns which covered approximately one-third of Mr. Ferlito's body.

Following a jury verdict entered for plaintiffs November 2, 1989, the Honorable Ralph M. Freeman entered a judgment for plaintiff Frank Ferlito in the amount of $555,000 and for plaintiff Susan Ferlito in the amount of $70,000. Judgment was entered November 7, 1989.

Subsequently, on November 16, 1989, defendant JJP filed a timely motion for judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, for new trial. Plaintiffs filed their response to defendant's motion December 18, 1989; and defendant filed a reply January 4, 1990. Before reaching a decision on this motion, Judge Freeman died. The case was reassigned to this court April 12, 1990.

After a status conference June 26, 1990, the court ordered defendant to file a complete trial transcript and to file a supplemental brief discussing the applicability of Fed.R.Civ.P. 63. Plaintiffs were given thirty days to respond to defendant's supplemental brief. Both parties filed timely briefs. Oral argument on defendant's motion was heard April 17, 1991. The court, having read the pleadings, heard oral argument and being otherwise familiar in the premises, grants defendant JJP's motion for judgment notwithstanding the verdict.

Pursuant to Rule 63 of the Federal Rules of Civil Procedure, the court is granted broad discretion in deciding the present motion.

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties. . . .

Fed.R.Civ.P. 63.

Judge Freeman died before ruling on defendant's motion for judgment notwithstanding the verdict or, in the alternative, for new trial, after a jury verdict was returned. Rule 63 clearly states that, as the

successor judge, I may perform those duties.

## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Issuance of a judgment notwithstanding the verdict ("j.n.o.v.") is authorized by Rule 50(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict.... [A] new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.

Rule 50(b) Fed.R.Civ.P.

Defendant JJP filed two motions for a directed verdict, the first on October 27, 1989, at the close of plaintiffs' proofs, and the second on October 30, 1989, at the close of defendant's proofs. Judge Freeman denied both motions without prejudice. Judgment for plaintiffs was entered November 7, 1989; and defendant's instant motion, filed November 16, 1989, was filed in a timely manner.

■ The standard for determining whether to grant a j.n.o.v. is identical to the standard for evaluating a motion for directed verdict:

> In determining whether the evidence is sufficient, the trial court may neither weigh the evidence, pass on the credibility of witnesses nor substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor.

*Morelock v. NCR Corp.*, 586 F.2d 1096, 1104 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). If after reviewing the evidence, however, the trial court is of the opinion that reasonable minds could not come to the result reached by the jury, then the motion for j.n.o.v. should be granted. *Toth v. Yoder Co.*, 749 F.2d 1190, 1194 (6th Cir.1984). The trial court makes its determination as a matter of law. *Id.; O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir.1975).

■ To recover in a "failure to warn" product liability action, a plaintiff must prove each of the following four elements of negligence: (1) that the defendant owed a duty to the plaintiff, (2) that the defendant violated that duty, (3) that the defendant's breach of that duty was a proximate cause of the damages suffered by the plaintiff, and (4) that the plaintiff suffered damages. *Beyette v. Ortho Pharmaceutical Corp.*, 823 F.2d 990, 992 (6th Cir.1987); *Warner v. General Motors Corp.*, 137 Mich.App. 340, 348, 357 N.W.2d 689 (1984), *leave to appeal denied.*

■ To establish a prima facie case that a manufacturer's breach of its duty to warn was a proximate cause of an injury sustained, a plaintiff must present evidence that the product would have been used differently had the proffered warnings been given. *Mowery v. Crittenton Hospital*, 155 Mich.App. 711, 722, 400 N.W.2d 633 (1986); *Downie v. Kent Products*, 122 Mich.App. 722, 734, 333 N.W.2d 528 (1983); *Dunn v. Lederle Laboratories*, 121 Mich. App. 73, 85, 328 N.W.2d 576 (1982); *Muilenberg v. Upjohn Co.*, 115 Mich.App. 316, 332, 320 N.W.2d 358 (1982). In the absence of evidence that a warning would have prevented the harm complained of by altering the plaintiff's conduct, the failure to warn cannot be deemed a proximate cause of the plaintiff's injury as a matter of law. *Dunn*, 121 Mich.App. at 85, 328 N.W.2d 576.

■ Similarly, a failure to warn cannot be deemed a proximate cause of injury if the plaintiff knew of the danger about which he claims the defendant failed to warn. *Vroman v. Sears, Roebuck & Co.*, 387 F.2d 732 (6th Cir.1967).

■ A manufacturer has a duty "to warn the purchasers or users of its product about dangers associated with intended use." *Rusin v. Glendale Optical Co., Inc.*, 805 F.2d 650, 653 (6th Cir.1986). Conversely, a manufacturer has no duty to warn of a danger arising from an unforeseeable misuse of its product. *Trotter v. Hamil Manufacturing Co.*, 143 Mich.App. 593, 372 N.W.2d 622 (1985). Thus, whether a manufacturer has a duty to warn depends on whether the use of the product and the injury sustained by it are foreseeable. *Gootee v. Colt Industries Inc.*, 712 F.2d 1057, 1065 (6th Cir.1983); *Owens v. Allis–Chalmers Corp.*, 414 Mich. 413, 425, 326 N.W.2d 372 (1982). Whether a plaintiff's use of a product is foreseeable is a legal question to be resolved by the court. *Trotter, supra.* Whether the resulting injury is foreseeable is a question of fact for the jury. *Thomas, v. International Harvester Co.*, 57 Mich.App. 79, 225 N.W.2d 175 (1974).

■ In the instant action no reasonable jury could find that JJP's failure to warn of the flammability of cotton batting was a proximate cause of plaintiffs' injuries because plaintiffs failed to offer any evidence to establish that a flammability warning on JJP's cotton batting would have dissuaded them from using the product in the manner that they did.

Plaintiffs repeatedly stated in their response brief that plaintiff Susan Ferlito testified that "she would never again use cotton batting to make a costume." Plaintiffs' Answer to Defendant JJP's Motion for J.N.O.V., pp. 1, 3, 4, 5. However, a review of the trial transcript reveals that plaintiff Susan Ferlito never testified that she would never again use cotton batting to make a costume. More importantly, the transcript contains no statement by plaintiff Susan Ferlito that a flammability warning on defendant JJP's product would have dissuaded her from using the cotton batting to construct the costume in the first place. At oral argument counsel for plaintiffs conceded that there was no testimony during the trial that either plaintiff Susan Ferlito or her husband, plaintiff Frank J. Ferlito, would have acted any differently if there had been a flammability warning on the product's package. The absence of such testimony is fatal to plaintiffs' case; for without it, plaintiffs have failed to prove proximate cause, one of the essential elements of their negligence claim.

In addition, both plaintiffs testified that they knew that cotton batting burns when it is exposed to flame. Susan Ferlito testified that she knew at the time she purchased the cotton batting that it would burn if exposed to an open flame. Frank Ferlito testified that he knew at the time he appeared at the Halloween party that cotton batting would burn if exposed to an open flame. His additional testimony that he would not have intentionally put a flame to the cotton batting shows that he recognized the risk of injury of which he claims JJP should have warned. Because both plaintiffs were already aware of the danger, a warning by JJP would have been superfluous. Therefore, a reasonable jury could not have found that JJP's failure to provide a warning was a proximate cause of plaintiffs' injuries.

■ The evidence in this case clearly demonstrated that neither the use to which plaintiffs put JJP's product nor the injuries arising from that use were foreseeable. Susan Ferlito testified that the idea for the costume was hers alone. As described on the product's package, its intended uses are for cleansing, applying medications, and infant care. Plaintiffs' showing that the product may be used on occasion in classrooms for decorative purposes failed to demonstrate the foreseeability of an adult male encapsulating himself from head to toe in cotton batting and then lighting up a cigarette.

## MOTION FOR NEW TRIAL

Defendant JJP has moved, in the alternative, for a new trial. Lest there be any

confusion over the consequences of a reversal of the judgment in favor of the defendant, the court will grant a new trial if for any reason the Court of Appeals for the Sixth Circuit reverses the decision to grant defendant's motion for judgment notwithstanding the verdict.

In determining whether to grant a motion for new trial, unlike a motion for j.n.o.v., the trial court may weigh the evidence presented. A court can exercise its discretion to grant a new trial if the verdict, even though supported by sufficient evidence to defeat a motion for j.n.o.v., is against the great weight of the evidence. *Taylor v. Home Ins. Co.*, 777 F.2d 849, 855 (4th Cir.1985). The decision to grant or deny a new trial is one "confided almost entirely in the exercise of discretion on the part of the trial court." *Morin v. Johns–Manville Sales Corp.*, 691 F.2d 811, 816 (6th Cir.1982).

Defendant JJP predicates its motion for new trial on two grounds. First, JJP argues that the jury's verdict was against the great weight of evidence presented at trial. For the reasons set forth *supra*, I agree. Second, JJP argues that the jury's verdict was inconsistent. When a jury returns a verdict which is inconsistent, the trial court must attempt to reconcile the verdict. Where a verdict cannot be reconciled, a new trial must be granted. *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970).

In the instant case the jury was given a special verdict form. The jury was asked whether JJP was negligent in failing to warn plaintiffs of the flammability of cotton batting. The jury was also asked whether plaintiffs were negligent. The jury responded affirmatively to both questions, finding plaintiffs 50 percent negligent. However, the only evidence upon which the jury could base a finding of comparative negligence by plaintiffs was their use of cotton batting to construct a costume and their exposure of that costume to an open flame. The jury's finding of comparative negligence necessarily means that it concluded that plaintiffs knew or should have known of the flamma-

bility of cotton batting. If that was the jury's conclusion, then JJP had no duty to warn and the jury's verdict ignored the court's instructions.

The court is satisfied that the test for a new trial described in *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir.1982) (in order to grant a new trial the verdict must be against the clear weight of evidence), has been met here.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant JJP's motion for judgment notwithstanding the verdict is GRANTED.

IT IS FURTHER ORDERED that the judgment entered November 2, 1989, is SET ASIDE.

IT IS FURTHER ORDERED that the clerk will enter a judgment in favor of the defendant JJP.