983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan FERLITO and FRANK J. Ferlito, Plaintiffs-Appellants,
v.
JOHNSON & JOHNSON, Defendant-Appellee.
 No. 91-2063.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 Plaintiffs Frank and Susan Ferlito filed a products liability action against Johnson & Johnson Products for injuries received from the combustion of a costume made from the defendant's cotton batting. Based on a failure to warn theory, the jury awarded Mr. Ferlito $550,000.00 and Mrs. Ferlito $70,000.00 after finding both the plaintiffs and the defendant manufacturer and packager equally at fault for bringing about the fire in which Mr. Ferlito was seriously burned. The district court granted defendant's motion for judgment notwithstanding the verdict (j.n.o.v.) or, in the alternative, a new trial. The plaintiffs now appeal this action setting aside the jury verdict.
 
 
 2
 Mr. Ferlito attended a Halloween party in 1984 dressed as a sheep, his wife being dressed as "Little Bo Peep." Susan Ferlito constructed her husband's costume using long underwear, Elmer's Glue, and the defendant's cotton batting product.[1] Mr. Ferlito was covered from his head to his ankles, excluding his hands and face, with cotton batting. At the Halloween party, while attempting to light a cigarette with his lighter, Mr. Ferlito accidentally caught his costume afire and was engulfed with flames in a matter of seconds.
 
 
 3
 Mr. Ferlito admitted that he knew that cotton batting burned but emphasized that he did not know "how it burned". His wife, who made the costume, also knew that cotton could burn, "[b]ut not burn that fast." She knew her husband smoked and used a cigarette lighter. Mr. Ferlito suffered burns on one-third of his body and he underwent several surgeries as a consequence of the fire.
 
 
 4
 The district court[2] set aside the verdict for the plaintiffs, holding that they failed to produce any evidence that the failure to warn would have dissuaded them from using the product. In the alternative, the district court granted the defendant's motion for new trial, maintaining that the great weight of the evidence favored the defendant.
 
 
 5
 This court, when reviewing a j.n.o.v., is bound by the same standard as the district court in considering a motion for j.n.o.v. Toth v. Yoder Co., 749 F.2d 1190, 1194 (6th Cir.1984) (citations omitted). "[A] judgment notwithstanding the verdict may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." Id. (citing Gillham v. Admiral Corp., 523 F.2d 102, 109 (6th Cir.1975)), cert. denied, 424 U.S. 913 (1976). In determining whether the evidence is sufficient, the trial court must neither weigh the evidence nor pass on the credibility of the witnesses, but instead, the trial court must view the evidence in a light most favorable to the non-moving party. Morelock v. NRC Corp., 586 F.2d 1096, 1104 (6th Cir.1978), cert. denied, 441 U.S. 906 (1979).
 
 
 6
 When suing under a failure to warn theory, Michigan law requires the plaintiff to prove that if a proper warning[3] had been given, the plaintiff would have taken precautions to prevent injury. Downie v. Kent Prod., 333 N.W.2d 528, 534 (Mich.App.1983), aff'd in part, rev'd in part, 362 N.W.2d 605 (Mich.1984) (citing Falkner v. John E. Fetzer, Inc., 317 N.W.2d 337 (Mich.App.1982)); see also Nichols v. Clare Community Hosp., 476 N.W.2d 493, 496 (Mich.App.1991); Mowery v. Crittenton Hosp., 400 N.W.2d 633, 638 (Mich.App.1986). If the warning would not have changed the plaintiff's conduct, then the failure to warn cannot be the proximate cause of the injury. Dunn v. Lederle Labs., 328 N.W.2d 576, 582 (Mich.App.1982); see also Woodworth v. Gates Learjet Corp., 434 N.W.2d 167, 170 (Mich.App.1988). If the plaintiffs were aware of the danger, "any additional warning given to any or all of them would have been merely cumulative" and thus, could not be the proximate cause of the injury. Vroman v. Sears, Roebuck & Co., 387 F.2d 732 (6th Cir.1967).
 
 
 7
 Although the plaintiffs assert in their brief that they would not have used the cotton batting had they been warned and that "common sense would dictate that the plaintiff would have refrained from using the product at all," no other evidence was presented to explain the warning's effect. Testimony of both Mr. and Mrs. Ferlito does not support the plaintiffs' theory because neither plaintiff testified as to how their conduct would have differed if there had been a warning on the box of cotton material. The use of the cotton batting was not one of those uses expressly intended.
 
 
 8
 Both plaintiffs knew that the product was flammable. Mr. Ferlito admitted he was not paying attention when he lit his cigarette because he was watching the people walk by in costumes. Mr. Ferlito admitted that he ignores the warning on cigarettes daily when he smokes. Neither plaintiff testified that they would not have used the cotton had they been warned. In this tragic case, the plaintiffs have failed to establish that the failure to warn was the proximate cause of the injury as required by Michigan products liability law. The plaintiffs' claims must therefore fail.
 
 
 9
 We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 The cotton batting is marketed and sold to clean wounds, to apply medication, and for infant care. The intended uses are noted on the side of the Johnson & Johnson box
 
 
 [2]
 The original trial judge in this matter, The Honorable Judge Freeman, passed away before he could rule on the defendant's motions. Pursuant to Fed.R.Civ.P. 63, Judge Gadola, after reading the trial transcript, disposed of the motions which are properly before this court on appeal
 
 
 [3]
 This court does not decide whether a warning is required. Cotton batting, however, is a simple product with all its essential characteristics apparent, including flammability. In light of that circumstance, "if the risk is obvious from the characteristics of the product, the product itself telegraphs the precise warning." Glittenberg v. Doughboy Recreational Indus., --- N.W.2d ----, No. 85391 (Mich.S.Ct.1992)