Mark BORCHERT, Plaintiff,

v.

E.I. DUPONT DE NEMOURS
AND COMPANY, a Delaware
corporation, Defendant.

No. 2:94–CV–083.

United States District Court,
W.D. Michigan,
Northern Division.

May 12, 1995.

Douglas L. Webster, Douglas L. Webster, P.C., Southfield, MI, for plaintiff.

Robert S. Krause, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for defendant.

## *OPINION*

QUIST, District Judge.

Plaintiff filed a two count complaint which alleges a products liability claim and a claim for breach of express[1] or implied warranty. The action was removed to this Court from the Circuit Court for the County of Marquette, Michigan, pursuant to 28 U.S.C. § 1441.

### I. *Background Facts*

The facts in this case are undisputed. On October 29, 1979, plaintiff suffered injuries when a one-gallon can of DuPont Enamel Reducer 3812s[2] came too close to a wood burning stove or hot water tank and exploded. Plaintiff was 4 years old.

The Enamel Reducer was left in the basement of plaintiff's home by the prior owners, and it was stored on the top shelf of a shelving unit. Plaintiff alleges that he took the Enamel Reducer off of the shelving unit by himself or with his brothers' assistance, and carried it to an area of the basement near the wood burning stove and hot water heater.[3] Plaintiff claims that he unscrewed the cap and exposed the fumes of the Enamel Reducer to the heat of the wood burning

---

1. Plaintiff has abandoned his express warranty claim. *See* plaintiff's reply brief.

2. According to the defendant, this product is used by professionals in automotive repair facilities.

3. At the time of the explosion plaintiff was alone in the basement and logs were burning in the wood burning stove. Plaintiff alleges that his mother left him in the basement with his two brothers, ages 7 and 9. His brothers went upstairs and left him alone.

stove or the hot water tank causing an explosion. Plaintiff suffered severe burns to his face and body.

Defendant asserts that the label on the can of Enamel Reducer indicated that it was "FOR INDUSTRIAL USE ONLY by professional, trained personnel. Not for sale to or use by the general public." Defendant also claims that the label stated in bold capital letters, "DANGER! EXTREMELY FLAMMABLE. VAPORS MAY CAUSE FLASH FIRE" and "KEEP OUT OF REACH OF CHILDREN." (Emphasis in original).

Plaintiff's father, Otto Borchert, testified during his deposition that he knew the Enamel Reducer was flammable. Otto Borchert Dep. at 20. He also testified that he knew that it should be kept out of the reach of children, and he told his children "not to monkey with that can." *Id.* at 21. Plaintiff's mother, Irene Borchert, testified at her deposition that she did not read the label, but she knew its contents were flammable and that the can should be kept out of the reach of children. Irene Borchert Dep. at 25–26. She also testified that she told her children "it was dangerous, not to play with it." *Id.* at 26.

## II. *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi,* 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## III. *Discussion*

### A. *Defective Design*

■ This Court has diversity jurisdiction, therefore, the Court is to apply the same law as would be applied by the Michigan state courts. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Kirk v. Hanes Corp. of North Carolina,* 16 F.3d 705, 707 (6th Cir.1994).

■ A manufacturer has a duty to design its product so as to eliminate any unreasonable risk of foreseeable injury. *Prentis v. Yale Mfg. Co.,* 421 Mich. 670, 693, 365 N.W.2d 176 (1984). In *Prentis* the Court adopted a "pure negligence, risk-utility test in products liability actions against manufacturers of products, where liability is predicated upon defective design." *Id.* at 691, 365 N.W.2d 176. The risk-utility analysis in the context of defective design cases "always involves assessment of the decisions made by manufacturers with respect to the design of their products." *Id.* at 687, 365 N.W.2d 176. The Court stated that

> [t]he competing factors to be weighed under a risk-utility balancing test invite the trier of fact to consider the alternatives and risks faced by the manufacturer and to determine whether in light of these the manufacturer exercised reasonable care in making the design choices it made.

*Id.* at 688, 365 N.W.2d 176.

In *Kirk* a divided Sixth Circuit panel determined that the intricate balancing required in the risk-utility analysis can be resolved as a matter of law. *Kirk,* 16 F.3d at 709–10. In *Kirk,* a 3 year old child was injured when her 5 year old brother set fire to her T-shirt with a Bic lighter. The district court entered summary judgment in favor of the lighter manufacturer. The Sixth Circuit affirmed the district court's judgment. The Sixth Circuit concluded "that no reasonable juror—in light of the fact that the danger of lighters is obvious to their intend-

ed users—could find that these lighters pose an **unreasonable** risk of harm." *Id.* (emphasis in original).

In *Kirk,* the Court noted that:

the issue of Bic's liability under Michigan law for failure to child-proof its lighters has been before the Eastern District of Michigan three times in recent years, [and] [t]he results have run the gamut of possible outcomes.

*Id.* at 707 n. 2. The Court relied upon *Adams v. Perry Furniture Co.,* 198 Mich. App. 1, 497 N.W.2d 514 (1993), *lv. app. denied* 445 Mich. 901, 519 N.W.2d 860 (1994) which held that Bic does not have a duty to manufacture child-resistant lighters. *Kirk* and *Adams* involve the allocation of responsibility between adults and manufacturers for protecting small children from the dangers inherent in everyday, simple tools that are manufactured for and sold to adult users. *Kirk,* 16 F.3d at 710. In *Kirk,* the Sixth Circuit opinion noted that the public policy of the state of Michigan does not support shifting responsibility for safeguarding children away from the adult purchasers and intended users and on to the manufacturer. *Id.*

In *Adams,* the Michigan Court of Appeals determined that the risk of injury to children playing with lighters does not impose "a duty upon the manufacturer of the lighter to make it child-resistant in light of the fact that the product is intended to be sold to adults. *See King v. R.G. Indus., Inc.,* 182 Mich.App. 343, 346, 451 N.W.2d 874 (1990). Moreover, Bic placed a warning on its lighters to keep them out of the reach of children." *Adams,* 198 Mich.App. at 14, 497 N.W.2d 514.

 In the instant case, plaintiff claims that defendant failed to exercise reasonable care by not providing child proof safety caps. Defendant contends that Michigan courts have held as a matter of law that a manufacturer of a product intended to be sold only to adults need not make its product child proof. Plaintiff's reply alleges that the defendant is "not off the hook for liability simply because its product was not intended for use by a child." Plaintiff's Brief at 6. Plaintiff also asserts that the cases defendant relies upon

focus on the fact that the products are "simple tools."

This Court finds that the simple tool doctrine does not apply to the instant case. The simple tool doctrine provides that "there is no duty to warn or protect against dangers obvious to all." *Fisher v. Johnson Milk Co. Inc.,* 383 Mich. 158, 159, 174 N.W.2d 752 (1970); *Kirk,* 16 F.3d at 707–708. In this case, DuPont provided warnings on the label of the Enamel Reducer. Although the cases cited by defendant discuss the simple tool doctrine, the analyses are not limited to that issue.

This Court will apply the risk-utility analysis set forth in *Prentis* and *Kirk* to determine whether there is an issue of fact of whether DuPont had a duty to place a child resistant cap on the Enamel Reducer. The primary risk associated with the use of Enamel Reducer is that it is extremely flammable. DuPont recognized that the Enamel Reducer could cause a fire if it was not handled carefully. In weighing the risks and alternatives, DuPont decided to limit the use of the Enamel Reducer to trained professionals. DuPont conspicuously displayed warnings on the label of the can. Enamel Reducer is not a typical household product that children may access accidentally. As the labels clearly state, this product is not even intended for use or storage at a home.

In *Beaver v. Howard Miller Clock Co., Inc.,* 852 F.Supp. 631 (W.D.Mich.1994), Judge Miles determined that a plaintiff must present some evidence demonstrating that children are likely to be injured by the alleged defective product in question in order to present the negligence issue to the jury. *Id.* at 637. In the instant case, plaintiff has failed to produce any evidence other than his injury, tending to show that it is likely children will be injured by Enamel Reducer. This Court finds that it is not foreseeable that children would come into contact with the Enamel Reducer because children are not professionals who would use the product and children are not in an industrial area where the product could be used or stored. Therefore, DuPont did not have a duty to make the Enamel Reducer container child-

resistant.[4] The risk of danger to children is best obviated by the supervisory control of the product by its adult users. Michigan's public policy which was set forth in *Kirk* supports this conclusion.

### B. *Duty to Warn*

■ Plaintiff alleges that the defendant failed to warn potential users of the risk of flammability or the risk of explosion. Plaintiff also claims that the defendant failed to provide "adequate and prominently displayed safety warnings, and/or instructions for the protection and benefit of the foreseeable users or misuser of said product." Plaintiff's Complaint at 6.

*Ferlito v. Johnson & Johnson Prod., Inc.,* 771 F.Supp. 196 (E.D.Mich.1991), *aff'd,* No. 88–71248, 1992 WL 392673 (6th Cir. Dec. 22, 1992) (unpublished) set forth the standard for maintaining a claim for failure to warn:

> [A] plaintiff must prove each of the following four elements of negligence: (1) that the defendant owed a duty to the plaintiff, (2) the defendant violated that duty, (3) that the defendant's breach of that duty was a proximate cause of the damages suffered by the plaintiff, and (4) that the plaintiff suffered damages.

*Id.* at 199 (citations omitted).

In order to establish proximate cause the court noted that "a plaintiff must present evidence that the product would have been used differently had the proffered warnings been given." *Id.* (citations omitted). In the unpublished opinion affirming *Ferlito,* the Sixth Circuit stated that "[i]f the plaintiffs were aware of the danger, 'any additional warning given to any or all of them would have been merely cumulative' and thus, could not be the proximate cause of the injury." *Ferlito,* 1992 WL 392673 at *2 (citation omitted).

Plaintiff has not established that any additional warnings would have altered his conduct and prevented his injuries. *See Ferlito,* 771 F.Supp. at 199. Although plaintiff was 4 years old at the time of the incident, both of his parents testified during their depositions that they were aware that the Enamel Reducer was flammable. Both of plaintiff's parents also testified that they warned the children not to play with the Enamel Reducer. No reasonable juror could determine that DuPont failed to warn of dangers associated with the intended or reasonably foreseeable misuse of Enamel Reducer. After all, everyone involved had, in fact, been warned of the exact danger that caused the injury. Plaintiff has failed to establish that DuPont's failure to provide additional warnings was the legal or proximate cause of his injuries. Therefore, DuPont is not liable for failure to warn.

### C. *Breach of Implied Warranty*

■ A plaintiff who brings an action based upon breach of implied warranty is required to prove that the product itself "is not reasonably safe for the uses intended, anticipated, or reasonably foreseeable." *Prentis,* 421 Mich. at 693, 365 N.W.2d 176 (citations omitted). In *Prentis* the Court held that where the jury was properly instructed on the theory of negligent design, the trial judge's refusal to instruct on breach of warranty was not reversible error.

In *Beaver v. Howard Miller Clock Co.,* 852 F.Supp. 631 (W.D.Mich.1994), Judge Miles relied upon *Prentis* and *R.G. Indus., Inc.,* to dismiss plaintiff's implied warranty claim after he dismissed plaintiff's products liability claim. Judge Miles concluded that "[u]nder Michigan law, this cause of action requires a showing that the product was defective in the sense that it was not functioning properly at the time of the accident in question." *Id.* at 639.

Plaintiff has not presented any evidence that the Enamel Reducer was defective. Therefore, plaintiff's claim based upon implied warranty will be dismissed.

An Order consistent with this Opinion will be entered.

### ORDER

In accordance with the Opinion issued on this date,

---

4. This Court is not holding that as a matter of law a manufacturer of a product intended to be sold only to adults need not make its product child proof. For example, the analysis might be different regarding a product sold only to adults but intended for use in a home.

IT IS HEREBY ORDERED that defendant's Motion For Summary Judgment (docket no. 14) is **GRANTED** and plaintiff's complaint is **DISMISSED IN ITS ENTIRETY.**