HANKS v SLB MANAGEMENT, INC

Docket No. 118922. Submitted January 10, 1991, at Detroit. Decided
February 28, 1991; approved for publication April 29, 1991, at
9:00 A.M. Leave to appeal sought.

Vanessa L. Hanks brought an action in the Wayne Circuit Court
against SLB Management, Inc., and others, alleging unlawful
sexual discrimination. During discovery, the plaintiff failed to
appear for deposition by the defendants. The court, John H.
Gillis, Jr., J., granted the defendants' motion to compel the
plaintiff's appearance and ordered her to pay defendants $300
in attorney fees and costs within fourteen days. The plaintiff
failed to pay as ordered, and the court granted an ex parte
motion by the defendants for the dismissal of the action. The
plaintiff paid the $300 seventeen days after the payment dead-
line and moved to vacate the court's order of dismissal. The
court granted the motion and ordered the plaintiff to pay an
additional $250 in costs, which she promptly paid. One and a
half years later, after discovery was completed, the court, on its
own motion, reconsidered its decision to vacate the order of
dismissal and dismissed the case on the basis of the plaintiff's
failure to pay the initial $300 within the fourteen-day period.
The plaintiff appealed.

The Court of Appeals *held:*

The trial court abused its discretion in dismissing the plain-
tiff's action. Although a trial court has the authority to take
this drastic step, its discretion should be exercised cautiously,
and the court must carefully evaluate all available options on
the record before concluding that the drastic sanction of dis-
missal is just and proper. The trial court in this case failed to
determine whether the plaintiff's noncompliance was wilful or
merely accidental or involuntary. It also failed to consider all
available options on the record and whether dismissal was the
just and proper sanction.

Reversed and remanded for assignment to a different judge.

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 374, 385, 386.

Dismissal of state court action for failure or refusal of plaintiff to
appear or answer questions at deposition or oral examination. 32
ALR4th 212.

PRETRIAL PROCEDURE — DISCOVERY — REMEDIES — DISMISSAL.
> The dismissal of an action because of the plaintiff's failure to comply with a discovery order is within the trial court's discretion; in dismissing an action on this basis, the trial court must carefully evaluate all available options on the record before concluding that dismissal is the just and proper sanction (MCR 2.313[B][2]).

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner*), for the plaintiff.

*Rockwell & Kotz, P.C.* (by *Jeffrey M. Sangster* and *Jerry R. Hamling*), for the defendants.

Before: JANSEN, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. In May 1986, plaintiff instituted a sexual discrimination action against her former employer and two of her managers. During discovery, plaintiff failed to attend her deposition on three occasions. In June 1987, the trial court granted defendants' motion to compel her attendance and ordered plaintiff to pay defendants $300 in attorney fees and costs within fourteen days. Plaintiff did attend her deposition, but failed to pay the costs within fourteen days. Defendants' ex parte motion to dismiss plaintiff's complaint was then granted by the trial court even though its prior order did not warn of the possibility of dismissal for noncompliance with this aspect of its prior ruling. Plaintiff paid the $300 just 2½ weeks after the deadline and moved to vacate the trial court's order of dismissal. This motion was granted in January 1988. However, the court ordered plaintiff to pay an additional $250 in costs. Plaintiff promptly complied.

For the next 1½ years discovery continued, mediation was held, and the parties prepared for trial. In June 1989, defendants moved for summary disposition. In lieu of addressing the merits

of the motion, the trial court announced that it had reconsidered sua sponte its January 1988 decision to vacate its order of dismissal entered in June 1987. The court then dismissed the case again on the basis of plaintiff's previous failure to pay the $300 in costs within the fourteen-day deadline. From this order of dismissal, plaintiff appeals as of right, claiming that the trial court abused its discretion in reconsidering sua sponte its decision to vacate and in dismissing her action. We agree and reverse.

We review a lower court's order of dismissal based on a party's failure to comply with a discovery order for an abuse of discretion. *Eyde v Eyde*, 172 Mich App 49, 54; 431 NW2d 459 (1988). Although the trial court has the authority to take this most drastic step, the court's discretion should be exercised cautiously. *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 628; 420 NW2d 835 (1987). The trial court is required to first carefully evaluate all available options on the record before concluding that the drastic sanction of dismissal is just and proper. MCR 2.313(B)(2); *Houston*, pp 629-630.

Here, defendants secured a questionable ex parte order dismissing plaintiff's complaint for her failure to timely pay the $300 sanction imposed by the court. However, the trial court never determined that plaintiff's noncompliance was "wilful" —i.e., conscious or intentional—or merely accidental or involuntary. See *Edge v Ramos*, 160 Mich App 231, 234; 407 NW2d 625 (1987). Likewise, the trial court failed to consider all available options on the record or that dismissal would be the just and proper sanction. Regardless, we are aware that the trial court did vacate its original dismissal order upon motion by plaintiff. Thus, we are not required, and therefore decline, to con-

clude that its original ex parte order of dismissal was an abuse of discretion.

Instead, we conclude that the trial court's June 23, 1989, order of dismissal based on plaintiff's failure to pay the $300 sanction within the deadline, which it reconsidered sua sponte nearly 1½ years later, constituted a clear abuse of discretion. In contrast to *Edge,* the trial court made no findings that plaintiff's noncompliance with the sanction portion of its discovery order was wilful or that her failure affected defendants' ability to proceed with discovery and to prepare for trial.

In addition, we reject defendants' contention that plaintiff's alleged dilatory tactics prevented their efforts at discovery. We are aware that plaintiff failed to appear for her deposition on three occasions. However, her failure was the basis for the trial court's order compelling discovery and requiring her to appear for deposition within fourteen days, or have her case dismissed, and to pay the $300 sanction within fourteen days. Therefore, any dilatory tactics that plaintiff may have been engaging in were adequately addressed by the trial court. Contrary to defendants' assertions, the issue before this Court is not the alleged dilatory tactics, but plaintiff's failure to pay a sanction within the established deadline. We remind defendants and the trial court that plaintiff not only paid the $300 sanction with explanation seventeen days after the deadline when the trial court entered its ex parte order of dismissal, but also immediately paid an additional $250 sanction upon the court's entry of its order vacating the dismissal. Defendants have not argued, nor do we believe they could, that plaintiff's failure to timely pay the $300 sanction affected their ability to prepare for trial.

We conclude that the trial court's subsequent dismissal upon reconsideration was not justified on

the record. Instead, the trial court's requirement
that plaintiff pay an additional $250 for her fail-
ure to timely pay the original sanction was a more
measured solution that balanced the needs of both
parties. As with its first dismissal order, the trial
court failed to state any findings on the record
supporting its decision that dismissal was justified
1½ years later, after completion of discovery,
three days before trial, and after plaintiff had
promptly paid the additional $250 sanction. For
these reasons, we hold that the trial court abused
its discretion in dismissing plaintiff's complaint for
failure to pay $300 in attorney fees and costs in a
timely manner.

Reversed and remanded for assignment to a
different judge. We do not retain jurisdiction.