ADAMS v PERRY FURNITURE COMPANY (ON REMAND)

Docket No. 129210. Submitted June 24, 1992, at Lansing. Decided January 19, 1993, at 9:10 A.M. Leave to appeal sought.

Yvonne Adams, as the personal representative of the estates of decedent minors Shameekah Adams, Yolanda Adams, Lachelle Adams, and Clarence Williams, Jr., brought a products liability action in the Oakland Circuit Court against Perry Furniture Company and Bic Corporation relating to the children's death in a house fire that started when one of the children ignited a mattress distributed by Perry with a butane lighter manufactured by Bic. The court, John N. O'Brien, J., in an order certified as final, granted summary disposition for Bic, ruling that it owed no actionable duty to the children. The plaintiff appealed, but her claim of appeal was not accepted by the Court of Appeals because she failed to file certain required documents. The trial court subsequently granted a default judgment for Perry after the plaintiff failed to comply with a discovery order to produce an expert witness for deposition. The plaintiff moved to set aside the default judgment. The trial court denied the motion and a subsequent motion for reconsideration of the denial. The plaintiff appealed. After the plaintiff filed the documents required in the appeal relating to Bic, Perry moved for dismissal of the appeal against it, contending that the appeal was untimely. Bic also moved for dismissal, asserting that the plaintiff had abandoned her appeal as of right by failing to correct her defective initial filing, timely move for reinstatement, or appeal in the Supreme Court. The Court of Appeals denied the motions for dismissal. The Supreme Court, in lieu of granting leave to appeal from the denial of those motions, remanded for plenary consideration of the jurisdictional issues raised in the motions for dismissal. 437 Mich 1004 (1991).

On remand, the Court of Appeals *held:*

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 385 *et seq.*; Products Liability § 342.

Products liability: modern status of rule that there is no liability for patent or obvious dangers. 35 ALR4th 861.

1. The plaintiff's appeal with respect to Perry, which she filed within twenty-one days of the trial court's denial of the motion for reconsideration of the denial of the motion to set aside the default judgment, was timely under MCR 7.204(A)(1)(b).

2. The plaintiff's appeal with respect to Bic, having been refiled within twenty-one days of the actual final order in this case, was timely. A party may claim a timely appeal following the entry of an order certified as final or it may wait until the actual final order in the case.

3. The trial court did not err in granting summary disposition for Bic. Because the lighter was a simple tool, Bic had no duty to warn of its potentially dangerous conditions or characteristics that were readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user possessing ordinary intelligence.

4. Because the record does not sufficiently indicate whether the granting of a default judgment in favor of Perry was an appropriate exercise of the trial court's discretion in imposing a sanction for the plaintiff's failure to comply with a discovery order, the judgment must be vacated and a rehearing conducted regarding an appropriate sanction.

Affirmed in part, reversed in part, and remanded.

1. Products Liability — Duty to Warn — Simple Tools — Obvious Dangers — Ordinary Users.

The manufacturer of a simple tool has no duty to warn of the tool's potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user possessing ordinary intelligence.

2. Pretrial Procedure — Discovery — Remedies — Default Judgments.

A court contemplating a default judgment as a sanction for discovery abuses should consider whether a failure to respond to discovery requests extended over a substantial period, whether there was compliance with a court order directing discovery, the amount of time that elapsed between the violation and the motion for a default judgment, and whether wilfulness was shown; the court should also evaluate on the record other available options before concluding that a default judgment is warranted; default judgment should be employed only where there has been a flagrant and wanton refusal to facilitate discovery (MCR 2.313[B][2][c]).

*Michael T. Materna* and (*Donald M. Fulkerson, of* Counsel), for Yvonne Adams.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Rosalind Rochkind, Roger A. Smith,* and *Nancy J. Bourget*), for Perry Furniture Company.

*Vandeveer Garzia* (by *Robert D. Brignall*), for Bic Corporation.

ON REMAND

Before: HOLBROOK, JR., P.J., and WEAVER and McDONALD, JJ.

HOLBROOK, JR., P.J. In this products liability case, the plaintiff appeals as of right from separate Oakland Circuit Court orders dismissing her case against the defendants. We affirm the order granting defendant Bic Corporation summary disposition, but vacate the default judgment in favor of defendant Perry Furniture Company and remand.

Plaintiff is the personal representative of the estates of four minor children who died in a fire in the family home. Plaintiff's complaint alleged that the decedents were asphyxiated and died as a result of inhaling the fumes of a burning mattress distributed by Perry. Plaintiff alleged negligence, breach of warranty, and strict liability against Perry. Plaintiff also alleged breach of warranty, negligent design, and failure to warn by Bic with regard to the dangerousness of the disposable butane lighter that allegedly caused the fire.

Bic moved for summary disposition, claiming that it owed no duty to the four children. The circuit court agreed and granted the motion. Pursuant to MCR 2.604(A), the court certified its order granting Bic's motion as a final order. Plaintiff then filed papers claiming an appeal from that judgment. However, this Court did not accept the plaintiff's claim of appeal for filing because the

plaintiff failed to file other documents as required by MCR 7.204(C). This Court did not issue an order of dismissal, but returned to the plaintiff her claim of appeal and entry fee.

Perry moved for a default judgment in the circuit court as a sanction for the plaintiff's failure to comply with an earlier order to produce a witness for discovery. The circuit court entered a default judgment against the plaintiff on December 26, 1989. Plaintiff filed her motion to set aside the default judgment on January 8, 1990, but the court entered an order denying her motion on February 5, 1990. On February 12, 1990, the plaintiff filed her motion for reconsideration of the motion to set aside the default judgment. On May 3, 1990, the circuit court denied the plaintiff's motion for reconsideration. Plaintiff filed her claim of appeal in this Court on May 23, 1990.

Plaintiff filed this claim of appeal challenging the order granting Bic summary disposition and the three orders pertaining to Perry: the default judgment, the order denying the plaintiff's motion to set aside the default judgment, and the order denying the plaintiff's motion for reconsideration of the motion to set aside the default judgment. Both defendants filed in this Court motions to dismiss the plaintiff's claim of appeal. This Court denied the motions. Our Supreme Court remanded for plenary consideration of the jurisdictional issues raised in both motions. 437 Mich 1004 (1991).

I

We first consider Perry's argument that the plaintiff's claim of appeal should be dismissed. Maintaining that the default judgment was the final judgment, Perry argues the plaintiff's claim of appeal is untimely because she failed to file her

claim of appeal within twenty-one days after entry of either the default judgment or the order denying her motion to set aside the default judgment. Perry purports that the plaintiff's motion for reconsideration did not provide additional time for filing her claim of appeal.

This Court has jurisdiction of an appeal as of right from a circuit court final judgment or final order. MCR 7.203(A)(1); *McCarthy & Associates, Inc v Washburn,* 194 Mich App 676, 678; 488 NW2d 785 (1992). An order denying a motion for reconsideration is not a final order from which one may appeal as of right, but it may serve as a triggering event for calculating the time for filing a claim of appeal. *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 415; 425 NW2d 797 (1988). Our Supreme Court has indicated that an order denying a motion to set aside a default judgment is appealable as of right to this Court. *General Electric Credit Corp v Northcoast Marine, Inc,* 402 Mich 297; 262 NW2d 660 (1978). Consequently, the final order appealed from in the present case is the circuit court's order denying the plaintiff's motion to set aside the default judgment.[1]

The time requirements for filing an appeal as of right are set forth in the Michigan Court Rules. MCR 7.204 provides in pertinent part:

(A) Time Requirements. The time limit for an appeal of right is jurisdictional. The provisions of MCR 1.108 regarding computation of time apply.

(1) An appeal of right in a civil action must be taken within

(a) 21 days after entry of the judgment or order appealed from;

---

[1] The order denying the plaintiff's motion to set aside the default judgment is a final order because it disposes of all claims of all parties in conjunction with the court's previous order granting Bic summary disposition. *Dean v Tucker,* 182 Mich App 27, 30; 451 NW2d 571 (1990).

(b) 21 days after the entry of an order denying a motion for new trial, a motion for rehearing or reconsideration, or a motion for other postjudgment relief, if the motion was filed within the initial 21-day appeal period or within further time the trial court may have allowed during that 21-day period; or

(c) another time provided by law.

Plaintiff's claim of appeal obviously is untimely under MCR 7.204(A)(1)(a) because she did not file it within twenty-one days after February 5, 1990, when the circuit court entered its order denying her motion to set aside the default judgment. However, it is timely under A(1)(b) because she filed it within twenty-one days after the entry of the circuit court's May 3 order denying her motion for reconsideration. The concluding paragraph of MCR 7.204(A) provides:

A motion for rehearing or reconsideration of a motion mentioned in subrules (A)(1)(b) or (A)(2)(d) does not extend the time for filing a claim of appeal, unless the motion for rehearing or reconsideration was itself filed within the 21- or 42-day period.

In *Gavulic v Boyer,* 195 Mich App 20; 489 NW2d 124 (1992), the defendant appealed as of right from an order denying his motion to set aside a default judgment. Within twenty-one days of that order, the defendant filed a motion for reconsideration. The trial court entered an order denying the defendant's motion for reconsideration. The defendant in *Gavulic* then filed his claim of appeal within twenty-one days after the last order. On appeal, the plaintiff asserted that this Court's review was limited to a review of the trial court's exercise of discretion in denying the defendant's

motion for reconsideration. However, this Court held that appellate review of the original order was appropriate because the defendant's motion for reconsideration was filed within the original twenty-one-day period and his claim of appeal was timely. *Id.*, pp 23-24.

Similarly, the plaintiff in the present case filed her motion for reconsideration within twenty-one days after the entry of the order denying her motion to set aside the default judgment. Plaintiff timely filed her claim of appeal within twenty-one days after the entry of the order denying her motion for reconsideration. *Nye, supra.* Plaintiff also complied with MCR 2.119(F) when she filed her motion for reconsideration. We conclude that the plaintiff timely filed her claim of appeal and again deny Perry's motion to dismiss.

## II

Next, we consider Bic's argument that the plaintiff's claim of appeal from the order of summary disposition should be dismissed. Bic contends that the plaintiff has already had her one appeal as of right and abandoned it when she failed to correct its defects, timely move for reinstatement, or appeal in the Supreme Court. On the other hand, the plaintiff argues that her earlier claim of appeal was not from a final order. Plaintiff also argues that the administrative rejection of the earlier claim of appeal did not constitute an adjudication on the merits.

We turn to the court rules to resolve this issue. This Court had jurisdiction of the plaintiff's original claim of appeal when she submitted it with the entry fee. MCR 7.204(B). However, claims of appeal need not be accepted for filing by the clerk of this Court until all required documents have been

filed and the requisite fees have been paid. MCR 7.201(B). In this case, the plaintiff's original claim of appeal was not filed by the clerk of this Court because the plaintiff failed to submit other documents required by MCR 7.204(C). As defined by MCR 7.202(5), "filing" means the delivery of a document to a court clerk *and the receipt and acceptance* of the document by the clerk with the intent to enter it in the record of the Court. We also note that the plaintiff's original claim of appeal was neither assigned to a panel of this Court nor scheduled for oral argument. Consequently, the plaintiff's claim of appeal filed on May 23, 1990, is her first claim of appeal with respect to the summary disposition order concerning her claim against Bic.

Having determined that the May 23, 1990, claim of appeal is the plaintiff's claim of appeal with respect to the summary disposition order, we must analyze whether the claim was timely filed. The claim of appeal regarding Bic is not timely under MCR 7.204(A)(1) because the plaintiff failed to file it within twenty-one days after the circuit court entered its certified final order granting defendant Bic summary disposition. However, in *Comm'r of Ins v Advisory Bd of the Mich State Accident Fund,* 173 Mich App 566, 589; 434 NW2d 433 (1988), this Court held that a party may claim an appeal as of right from an otherwise nonfinal order certified as a final order under MCR 2.604(A) following either the entry of the certified final order or the entry of the actual final order in the case. This Court further held that the appellant may raise any issue on appeal, including an issue related to the prior certified final order. *Id.* We believe that this decision is unsupported by the language of MCR 7.204. See *Klco v Dynamic Training Corp,* 192 Mich App 39, 41; 480 NW2d

596 (1991). Nevertheless, the plaintiff could have reasonably relied on the decision in *Comm'r of Ins* and on directions from the clerk of this Court that her claim of appeal would be considered filed when resubmitted in completed form in concluding that the issues she sought to raise in her original claim of appeal would be addressed in her claim of appeal from the actual final order. Accordingly, because we have determined that the plaintiff is entitled to appeal as of right from the order denying her motion to set aside the default judgment entered against Perry, her appeal of the order granting Bic summary disposition was also timely filed.

### III

We now turn to the substantive issues raised by the plaintiff. Plaintiff argues that the circuit court erred in granting Bic summary disposition because it cannot be concluded as a matter of law that Bic owed no duty to consumers to make lighters child-proof, i.e., difficult for children to operate. We disagree.

In the lower court, Bic argued that the lighter contained a warning indicating that the purchaser was to keep it out of the reach of children. Bic stipulated for purposes of the summary disposition motion that it would have been feasible to make a "more child resistant lighter" at the time the lighter was manufactured. Bic further stipulated that it was foreseeable at the time that the lighter was manufactured that lighters could get into and were getting into the hands of children. Nevertheless, Bic claimed that it owed no duty to manufacture a lighter that is childproof because its lighters are manufactured for purchase and use by adults. On the other hand, the plaintiff argued that fore-

seeable misuse leads to liability of the manufacturer who fails to reasonably design a product. Plaintiff averred that the lighters were unreasonable for foreseeable use. Plaintiff argued that summary disposition was premature because discovery was incomplete. Plaintiff also claimed that the warning on the lighter did not make the product reasonably safe. In granting the defendant's motion, the circuit court drew an analogy to requiring a gun manufacturer to make its firearms childproof. Finding that the existence of duty was a question of law, the court held that Bic had no duty.

Bic filed its motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). However, the circuit court failed to indicate which of these two court rules it relied upon in granting Bic's motion. We will review the order under C(8) because the plaintiff's claims would be clearly unenforceable as a matter of law if Bic has no duty to warn children or to design childproof lighters. See *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988). The issue whether a defendant owes a plaintiff an actionable duty is a question of law to be decided by the trial court. *Antcliff v State Employees Credit Union,* 414 Mich 624, 640; 327 NW2d 814 (1982); *Bell & Hudson, PC v Buhl Realty Co,* 185 Mich App 714, 717; 462 NW2d 851 (1990).

A manufacturer is liable in negligence for a failure to warn the purchasers or users of its products about dangers associated with intended uses and also foreseeable misuses. *Antcliff, supra,* pp 637-638; *Pettis v Nalco Chemical Co,* 150 Mich App 294, 301; 388 NW2d 343 (1986). However, there is no duty to warn or protect against dangers obvious to all. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 160; 174 NW2d 752 (1970); *Pettis,*

*supra,* p 302. The open and obvious danger doctrine has since been limited to risks associated with simple tools. See *Owens v Allis-Chalmers Corp,* 414 Mich 413, 425; 326 NW2d 372 (1982). Consequently, liability attaches to the manufacturers of simple tools if the risks are unreasonable in light of the foreseeable injuries. *Id.*

In *Bondie v Bic Corp,* 739 F Supp 346, 349 (ED Mich, 1990), aff'd 947 F2d 1531 (CA 6, 1991),[2] a federal district court held that the Bic Corporation has a duty under Michigan law to make its disposable lighters child-resistant. The court in *Bondie* rejected Bic's argument that it has no duty to warn of open and obvious dangers, reasoning that this exception became obsolete with our Supreme Court's decision in *Owens, supra.* However, in *Kirk v Hanes Corp of North Carolina,* 771 F Supp 856 (ED Mich, 1991), a different judge of the same district court held that the Bic Corporation has no duty to make its lighters child-resistant because the lighter is a simple tool whose dangers are open and obvious to the expected adult users of the lighters. The court in *Kirk* noted that after the *Bondie* decision was released, our Supreme Court held in *Glittenberg v Doughboy Recreational Industries, Inc,* 436 Mich 673, 686; 462 NW2d 348 (1990), that a manufacturer is under no duty to render a machine or other product more safe as long as the danger is open and obvious. Since the decision in *Kirk,* our Supreme Court, in *Glittenberg v Doughboy Recreational Industries (On Reh),* 441 Mich 379; 491 NW2d 208 (1992), has again addressed the issue whether the manufacturer of a simple product has a duty to warn of the product's dangerousness where that characteristic is obvious and open to all.

---

[2] The Sixth Circuit Court of Appeals did not decide whether Bic has the duty to make its lighters child resistant because the jury in that case found that the fire was not caused by a Bic lighter. *Id.,* p 1533.

The plaintiffs in *Glittenberg* brought an action against the manufacturer of an above-ground swimming pool, alleging that the defendant's negligent failure to warn of the risk of paralysis or death inherent in diving into the pool resulted in serious and permanent injury. Our Supreme Court found that the swimming pool was a simple product, and that the manufacturer of the pool had no duty to warn of the potentially dangerous conditions or characteristics of the product that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by an average user possessing ordinary intelligence. *Id.,* p 385.

Because Bic argues that it does not have the duty to warn because its lighters are simple tools, we must determine as a threshold matter whether reasonable minds could differ with respect to whether the danger is open and obvious. *Id.,* p 399. Determination of the obvious character of the lighter's danger is objective. *Id.,* p 392. We agree with the conclusion reached by the court in *Kirk, supra,* pp 858-859:

> A disposable, butane lighter is unquestionably a simple tool. This particular type of lighter is designed to be easily activated by one hand. It consists of a "roll and press" operation, by which the user rolls a wheel with his thumb and presses down on a button to control the flow of butane. The lighter requires a certain amount of dexterity for operation thereof, in that its wheel must be spun with the thumb at the same time that a button is pressed to permit the flow of fuel. If the button is not pressed, or if the lighter is dropped, then the flame would immediately be extinguished.

Plaintiff contends that the danger of a lighter is not obvious to a child. However, the focus is the

*typical* user's perception and knowledge and whether the feature that creates the danger is fully apparent, *widely known, commonly recognized,* and anticipated by the *ordinary user. Glittenberg, supra.* Notwithstanding Bic's acknowledgment that it was foreseeable at the time the lighter was manufactured that lighters could get into and were getting into the hands of children, the typical user of a lighter is an adult. The flame from a lighter creates a risk of harm that is well known and discernible by casual inspection. *Id.* We find that Bic has no duty to warn children with respect to the obvious danger of its lighters because such danger is no danger to the reasonably careful person.[3] Bic fulfills its duty to warn by warning the adult purchasers of its products to keep the lighters out of the reach of children. Because reasonable minds cannot differ with regard to the obvious character of the lighter's danger, Bic as a matter of law owes no duty to warn.

Obviousness of danger, however, is merely one factor in the analysis of whether a design is reasonable. *Id.* Plaintiff's complaint also alleged that Bic constructed its lighters without any type of childproof cap, rendering it an unreasonably dangerous product. Plaintiff argues that summary disposition of her claim was inappropriate because a recent study by the Consumer Product Safety Commission recommends that manufacturers of disposable butane lighters be required to make their product child-resistant and because Bic ad-

[3] We believe that "reasonably careful person" includes a purchaser or user of the lighter who also is a parent with children in the home. To the extent that children cannot read any warning or understand the obvious danger, we believe that a reasonably careful purchaser would keep the lighter from these children. Bic maintains that its lighters have always been sold in packages that have this warning: "Keep out of Reach of Children." Plaintiff neither admits nor denies this claim. The lighter in this matter is unavailable, but a police photograph of the damaged home shows where the lighter was found.

mitted the feasibility of producing a "more child resistant" lighter at the time the present lighter was manufactured. Plaintiff further argues that Bic owed a duty to design its lighters so that they could not be operated by children because it is foreseeable that lighters will get into the hands of children and be misused. Plaintiff maintains that the issue is whether it was foreseeable to Bic that its lighters would be handled by children. We disagree.

The test in design defect cases concerning simple tools is whether the risks are unreasonable in light of the foreseeable injuries. *Owens, supra,* p 425. The parties do not dispute that it is foreseeable that children will handle lighters and might injure themselves in doing so. However, we are not persuaded that the risk of this danger imposes a duty upon the manufacturer of the lighter to make it child-resistant in light of the fact that the product is intended to be sold to adults. See *King v R G Industries, Inc,* 182 Mich App 343, 346; 451 NW2d 874 (1990). Moreover, Bic placed a warning on its lighters to keep them out of the reach of children. We believe that the risk of danger to children is best obviated by the supervisory control of the product by its adult purchasers. We recognize the tragic loss of life under these circumstances. However, courts have never made sellers insurers of their products and thus absolutely liable for any and all injuries sustained from the use of those products. *Prentis v Yale Mfg Co,* 421 Mich 670, 682-683; 365 NW2d 176 (1984); See also *Glittenberg, supra,* p 388, n 8. Thus, we conclude that Bic does not have a duty to manufacture child-resistant lighters.

We also reject the plaintiff's argument that the circuit court erroneously granted summary disposition because discovery was incomplete. Generally,

summary disposition is premature if discovery concerning a disputed issue is incomplete. *Ransberg v Wayne Co,* 170 Mich App 358, 360; 427 NW2d 906 (1988). However, we find that further discovery would be futile. Consequently, summary disposition was not premature. *Star Steel Supply Co v United States Fidelity & Guaranty Co,* 186 Mich App 475, 481-482; 465 NW2d 17 (1990). Thus, the circuit court did not err in granting Bic summary disposition.

IV

As her final issue on appeal, the plaintiff argues that the circuit court abused its discretion in dismissing her complaint as a penalty for failing to produce an expert witness for discovery.

This Court stated in *Frankenmuth Mutual Ins Co v ACO, Inc,* 193 Mich App 389, 396-397; 484 NW2d 718 (1992):

> Default judgment is a possible sanction for discovery abuses. MCR 2.313(B)(2)(c). It is, however, a drastic measure and should be used with caution. *Equico Lessors, Inc v Original Buscemi's, Inc,* 140 Mich App 532, 534; 364 NW2d 373 (1985). When the sanction of a default judgment is contemplated, the trial court should consider whether the failure to respond to discovery requests extends over a substantial period of time, whether there was a court order directing discovery that has not been complied with, the amount of time that has elapsed between the violation and the motion for default judgment, and whether wilfulness has been shown. *Id.,* pp 534-535. The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted. *Hanks v SLB Management, Inc,* 188 Mich App 656, 658; 471 NW2d 621 (1991). The sanction of default judgment should be employed only when

there has been a flagrant and wanton refusal to facilitate discovery, that is, the failure must be conscious or intentional, not accidental or involuntary. *Equico Lessors, Inc,* p 535. We review the trial court's decision to grant a default judgment for an abuse of discretion. *Id.*

Unfortunately, we cannot review the circuit court's decision for an abuse of discretion because the court failed to indicate how and why the discretionary decision was made. *Houston v Southwest Detroit Hosp,* 166 Mich App 623, 631; 420 NW2d 835 (1987). In *Houston,* the parties stipulated that depositions of the plaintiff's expert witnesses be taken for use in discovery, but did not provide a time limit for taking the depositions. Two months later, the defendant filed a motion to dismiss for failure to permit discovery. The court entered an order requiring the plaintiff to produce all expert witnesses on her witness list within seventy-five days. Defense counsel then filed a motion to dismiss because of the failure to comply with the court order. The trial court dismissed the case with prejudice without determining which sanction was just under the circumstances. *Id.,* p 627.

Like the circuit court in *Houston,* the circuit court in this case entered an order on February 27, 1989, compelling discovery-only depositions of the plaintiff's three expert witnesses with no time limit for the taking of the depositions. The depositions of two of those witnesses were completed within two months of that order. Like the defense counsel in *Houston,* Perry's counsel sent several letters to the plaintiff's counsel in an attempt to schedule the third witness' deposition. The parties finally scheduled the deposition of the plaintiff's third expert witness for November 14, 1989. Plain-

tiff's counsel canceled the deposition on its scheduled day.

Perry filed its motion for default judgment on December 6, 1989. Plaintiff's counsel failed to appear for the hearing on the motion on December 13, 1989. At that hearing, the following exchange took place between the court and defense counsel:

> *The Court:* You're asking for default against whom?
>
> *Mr. Smith:* The Plaintiff, in dismissing the lawsuit with prejudice.
>
> *The Court:* Okay. You represent whom?
>
> *Mr. Smith:* I represent the Defendant Perry Furniture Company.
>
> *The Court:* What about the other defendants?
>
> *Mr. Smith:* The other defendants are—have either been dismissed or are in default.
>
> *The Court:* Okay.
>
> *Mr. Smith:* So I am the sole defendant left at this point.
>
> *The Court:* Alive in this file?
>
> *Mr. Smith:* Exactly, although I believe there is an appeal on the part of one of the other defendants based upon . . . .
>
> *The Court:* You're asking for default judgment of dismissal?
>
> *Mr. Smith:* That's correct.
>
> *The Court:* Very well. You may have an order.
>
> *Mr. Smith:* Thank you, your Honor.

The court entered its order of default judgment on December 26, 1989. After each party presented arguments at the hearing on the motion for reconsideration, the court again simply denied the plaintiff's motion without discussing the other available sanctions.

The circuit court failed to carefully evaluate all available options on the record before concluding

that the drastic sanction of dismissal was just and proper. *Hanks, supra; Houston, supra,* pp 629-630. The court also failed to find on the record that the plaintiff's failure to comply with the discovery order was wilful. *Hanks, supra,* p 659; *Equico Lessors, Inc, supra,* p 535. Accordingly, we reverse the trial court's decision of default judgment and remand for a rehearing for the imposition of appropriate sanctions, including the possibility of dismissal.

We affirm our earlier decisions denying the defendants' motions. We vacate the default judgment in favor of Perry and remand for a rehearing for the imposition of appropriate sanctions for failure to comply with the discovery order.