# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK FOLEY,

        Plaintiff-Appellant,

v

OAKLAND DEVELOPMENT, LLC,

        Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No. 340284
Oakland Circuit Court
LC No. 2016-154366-NO

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Patrick Foley, appeals an order granting defendant, Oakland Development, LLC's, motion for summary disposition. On appeal, plaintiff argues there are genuine issues of fact as to whether the icy landing outside of his apartment building that he slipped on was fit for its intended use under MCL 554.139 and whether the hazard was open and obvious under the common-law premises liability doctrine. We affirm.

This action arises out of a slip and fall at an apartment building owned by defendant. Plaintiff was walking from his apartment building to his car when he slipped and fell on a patch of black ice on a landing in front of his building. Plaintiff broke his ankle, which required two surgeries, and he asserts that he has not been able to return to work due to his injury. According to plaintiff, the patch of ice was approximately 3 feet by 3 feet. The assistant property manager testified that she inspected the landing after the fall, and the patch of ice was about 2 ½ feet by 2 ½ feet—covering approximately half the landing. She believed a tenant could have easily walked around the ice.

## I. STANDARD OF REVIEW

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). This Court reviews a grant or denial of summary disposition de novo. *Detroit Edison Co v Stenman*, 311 Mich App 367, 377; 875 NW2d 767 (2015). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim." *Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002) (citation omitted). "When reviewing a trial court's decision to grant a motion for summary disposition, we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*. (citation omitted). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a

-1-

matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Management LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## II. STATUTORY DUTY UNDER MCL 554.139

Plaintiff first argues that there was a genuine issue of material fact as to whether the sidewalk was fit for its intended use under MCL 554.139(1)(a). We disagree.

As a preliminary matter, plaintiff asserts that the trial court erroneously granted defendant's motion for summary disposition based on the condition of the sidewalk leading up to the landing, rather than the condition of the landing itself where plaintiff actually slipped and fell. However, as defendant correctly points out, the trial court's terminology used in its ruling is of no consequence because the trial court clearly knew where the incident occurred. During the hearing, the trial court stated that plaintiff "did not have any trouble using the sidewalk *or the landing* . . . [and that plaintiff] believes the ice formed due to the water dripping from the roof *onto the landing*." (Emphasis added.) Therefore, the trial court's use of "sidewalk" instead of "landing" was immaterial to its decision because the terms were used interchangeably.

The relevant statute is MCL 554.139, which governs covenants in a lease of residential premises. MCL 554.139(1) states:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct. [MCL 554.139(1).]

At issue is MCL 554.139(1)(a) and whether the landing was fit for the use intended. This Court has determined that the intended use of a sidewalk, and the landing connected to it, is for walking. *Benton v Dart Properties, Inc*, 270 Mich App 437, 444; 715 NW2d 335 (2006). Thus, defendant had a duty to keep the landing at issue fit for that purpose.

Plaintiff argues that there is a question of fact regarding whether defendant breached its duty to ensure the landing was fit for its intended purpose of walking. We disagree.

While this Court in *Benton* found that "a sidewalk covered with ice is not fit for [walking]," *id*., our Supreme Court in *Allison* further explained that MCL 554.139(1)(a), in the context of an icy parking lot, is "triggered only under much more exigent circumstances," and it "does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit

for use as a parking lot." *Allison*, 481 Mich at 430. The "[m]ere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes." *Id*. Importantly, the principles set forth in *Allison* are not limited to parking lots, but apply to all common areas, including sidewalks. *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010).

Unlike in *Benton*, the landing here was not completely "covered with ice." *Benton*, 270 Mich App at 444. Plaintiff testified that the black ice covered an area measuring approximately 3 feet by 3 feet. The assistant property manager testified that when she took pictures of the landing shortly after the incident, the ice covered about half the landing. She further testified that a tenant walking on the landing would be able to walk around the ice. Indeed, plaintiff's own expert stated that the water dripping from the apartment roof would have frozen into black ice by 6:00 p.m. the day before the fall. Yet plaintiff testified that he walked across the landing at midnight without falling—six hours before he walked across the landing and fell. Because there were no exigent circumstances, the fact that plaintiff walked across the landing six hours after the black ice formed without falling, and that plaintiff could have walked around the ice at the time of the incident, defendant did not breach its duty to ensure that the sidewalk was fit for the use of walking. Therefore, summary disposition was properly granted on this issue.[1]

### III. OPEN AND OBVIOUS DOCTRINE

Plaintiff next argues that there was a genuine issue of material fact as to whether the black ice on the landing was open and obvious. We disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton*, 270 Mich App at 440 (citation omitted). The duty a landlord owes to a person depends on that person's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "A person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee, and a tenant is an invitee of the landlord." *Benton*, 270 Mich App at 440 (citations omitted). "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). "[T]his duty does not extend to open and obvious dangers." *Id*. (citation omitted).

"The standard for determining if a condition is open and obvious is whether 'an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.' " *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), quoting *Novotney v Burger King Corp (On Remand)*, 198 Mich App

---

[1] Plaintiff also argues that the exculpatory provision in his lease agreement was void against public policy. Because we affirm the trial court's conclusion that MCL 554.139(1)(a) does not impose liability on defendant as a matter of law, we need not reach this issue.

470, 475; 499 NW2d 379 (1993) (alteration in original). The open and obvious test is objective, based on "whether a reasonable person in the plaintiff's position would have foreseen the danger . . . ." *Slaughter*, 281 Mich at 479 (citation omitted). However, with issues involving winter conditions, "our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months." *Id*.

Plaintiff alleges the ice was not open and obvious because it was not visible upon casual inspection. Often, black ice "is either invisible or nearly invisible, transparent, or nearly transparent." *Id*. at 483. However, when there is "other indicia of a potentially hazardous condition," black ice may be open and obvious. *Id*.

Plaintiff is 63 years old and has spent approximately 50 years in Michigan. Accordingly, plaintiff was aware of the fact that ice forms on sidewalks. Plaintiff admitted that from February 24, 2016 through February 25, 2016, 12 inches of snow fell at the apartment complex. The photographs clearly show the accumulation of snow on the ground around the building at the time plaintiff slipped and fell on the landing. Plaintiff acknowledged that when he walked from his apartment to the parking lot, he was watching where he was walking. While he did not see any black ice on the sidewalk, a reasonable person with 50 years of experience with Michigan winters would know that black ice was a potential danger when there had been 12 inches of snowfall and the ground was currently snow covered. Indeed, the assistant property manager was able to see that the ice covered half of the landing. Because a reasonable person would have foreseen the danger of black ice given the weather conditions, any ice hazard on the landing was open and obvious. Therefore, plaintiff failed to show that a genuine issue of material fact existed, and summary disposition was appropriate.

Plaintiff also argues that even if the black ice is an open and obvious danger, a question of fact exists regarding whether it was effectively unavoidable. However, plaintiff failed to raise this argument in the trial court, thus, the unavoidability issue is unpreserved. With respect to an unpreserved issue, Michigan follows a "raise or waive" rule of appellate review in civil matters. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Accordingly, "appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually." *Id*. at 388 (citation omitted). Plaintiff failed to raise the argument that the black ice was effectively unavoidable in the trial court. Therefore, this issue is not preserved for appeal. This Court reviews unpreserved issues for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015) (citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763.

"[A] premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384

(2001). One special aspect that is unreasonably dangerous is when "the open and obvious condition is effectively unavoidable." *Id*. at 518. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner v Lanctoe*, 492 Mich 450, 469; 821 NW2d 88 (2012).

Plaintiff, a school custodian, left his apartment to meet with a coworker to obtain a key to the school so that he could enter the school the following day. Plaintiff was not compelled to leave his apartment at that time—"[he] was not 'trapped' in the building or compelled by extenuating circumstances with no choice but to traverse a previously unknown risk." *Id*. at 473. Additionally, plaintiff offered no evidence that the sidewalk was his only means of exiting the apartment complex. The black ice was an avoidable open and obvious danger. Not only could plaintiff have chosen to stay in his apartment, he could have walked on the half of the landing that was free of black ice. Therefore, the hazard did not constitute an effectively unavoidable exception to the open and obvious doctrine, and we detect no plain error.[2]

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron

---

[2] Because the black ice was open and obvious without special aspects making the hazard unavoidable, it is unnecessary to analyze whether defendant had notice of the hazardous condition.

-5-