*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARRY GRANT, CPA, PC,

        Plaintiff/Counterdefendant-
Appellant/Cross Appellee,

v

SCOTT COMBS AND LAW OFFICES OF SCOTT
E. COMBS PC,

        Defendants/Counterplaintiffs-
Appellees/Cross Appellants.

UNPUBLISHED
April 22, 2021

No.  348290
Wayne Circuit Court
LC No.  17-005960-CB

Before:  TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Plaintiff-counterdefendant appeals, and defendants-counterplaintiffs cross-appeal, as of right the trial court's order dismissing the parties' claims and counterclaims in response to the parties' discovery delays.  Because the trial court failed to consider the factors pertinent to that decision on the record, including the suitability of possible lesser sanctions, we reverse and remand for further consideration.

## I.  FACTUAL BACKGROUND

Barry M. Grant was a certified public accountant and the sole shareholder of plaintiff, and also of Action Video, Inc.  Grant, through plaintiff, engaged in the business of providing expert economic and damage analysis and reporting, and expert witness services, and, through Action Video, provided video services to the legal industry, including producing and editing "day in the life" videos.  Defendant Scott Combs was an attorney and the sole shareholder of defendant Law Offices of Scott E. Combs PC, who, in 2000-2001, and again in 2010-2011, utilized the expert services of Grant and his business entities.  Defendants allegedly failed to pay $26,230 in fees related to these services.  On November 16, 2016, plaintiff, as assignee of Grant's and Action Video's rights and claims, initiated this action.  Plaintiff asserted claims of "action on debt," "unjust enrichment," and "claim and delivery," and sought to recover the unpaid fees plus interest, costs, and attorney fees.

-1-

Defendants generally denied plaintiff's allegations. Defendants asserted that the claims were stale, fraudulent, and false. Defendants averred that Grant breached his fiduciary duties by inappropriately "using alcohol with witnesses," failing to comply with contracts, misrepresenting the truth in his qualifications and testimony, and overbilling. Defendants filed a countercomplaint seeking to recover unpaid fees for legal services that Combs allegedly provided to Grant.[1] Defendants explained that Combs provided legal representation for Grant after a judge "sua sponte brought charges against Mr. Grant for fraudulent and excessive billing" in a divorce case in which Grant testified as a "damages expert," and in several "other" fraudulent billing matters.

The litigation progressed slowly. Disagreements about discovery ensued from the start. Both parties, at times, complained of, and filed motions regarding, the opposing party's failure to fully and completely comply with discovery requests, including to cooperate by providing depositions, resulting in court orders and directives compelling discovery.[2] The record revealed that both parties, to some extent, bore responsibility for the protracted discovery, if not for a total lack of cooperation. When plaintiff failed to provide full and complete answers to defendants' discovery requests, the trial court, on May 10, 2018, ordered plaintiff to comply or the claims would be dismissed with prejudice. Thereafter plaintiff provided amended and supplemental answers and produced related documents.[3] The record further revealed that the parties' depositions did not occur before the discovery cutoff, and that, despite plaintiff's attempts to take Combs' depositions, Combs repeatedly cancelled.[4]

In August 2018, the trial court referred the parties to a "discovery master." The parties, upon the discovery master's recommendation, stipulated to provide dates for their respective depositions within seven days. But, again, the depositions never occurred. Plaintiff's attorney

---

[1] Defendants' counterclaims included breach of contract, unjust enrichment, promissory estoppel, fraud, unfair debt collection, breach of fiduciary duty, conversion, professional malpractice, negligence, and business defamation.

[2] The parties' relationship was far from amicable. The record revealed that, during this litigation, Grant pled no contest to malicious use of a telephone stemming from harassing and threatening text messages that he sent to Combs.

[3] The record also revealed that defendants had some history of failing to fully and completely respond to discovery requests in a timely manner, culminating in the court's earlier order compelling defendants to provide the requested discovery, but they appeared to have resolved any deficiencies in their responses early in the proceedings. After the trial court's order, defendants served their answers, over which plaintiff did not assert any serious or specific deficiencies.

[4] The record revealed that plaintiff provided four dates of availability in June 2017 for Grant's deposition, and requested dates from defendants for Combs' deposition, but defendants never responded. Plaintiff later noticed Combs' deposition four times, without cooperation, before the May 30, 2018 discovery cutoff, on June 20, 2017, November 27, 2017, February 27, 2018, and May 30, 2018. Plaintiff cancelled the first deposition because defendants had not yet fully responded to discovery, but Combs cancelled the next three depositions for various other reasons. Defendants, however, asserted that they desired to depose Grant first, and could not do so without plaintiff's complete discovery responses.

later attested that he timely mailed a letter to defendants with four dates of availability for Grant's deposition, but that defendants never responded nor provided dates for Combs' deposition. Defendants asserted that plaintiff never actually provided dates for Grant's deposition.

On January 10, 2019, defendants moved for dismissal of plaintiff's claims with prejudice under MCR 2.313(B)(2)(c) and MCR 2.504(B)(1), asserting that plaintiff had repeatedly and willfully failed to comply with the trial court's discovery orders to compel, causing undue delay that severely prejudiced them. Defendants complained that plaintiff provided only partial answers and never fully and completely responded to their discovery requests, deliberately withheld requested discovery, and failed to provide dates for Grant's deposition. In response, plaintiff asserted that it fully complied with defendants' discovery requests by answering them repeatedly, but that defendants had refused to cooperate in scheduling depositions. Thereafter, the discovery master considered the parties' compliance with discovery. Defendants submitted a supplemental brief regarding plaintiff's alleged noncompliance and uncooperativeness in discovery, asserting that plaintiff "did nothing" and deliberately withheld requested discovery. Plaintiff's attorney filed an affidavit attesting that he had provided answers to every discovery request including pertinent documents in plaintiff's possession and dates of availability for Grant's deposition, that he had noticed several dates for Combs' deposition, and that he had fully complied with the parties' stipulation to provide dates for their depositions within seven days. He attached plaintiff's responses to defendants' discovery requests, including the supplemental answers and the documents that plaintiff ultimately produced. The discovery master ultimately made a recommendation, but the record is silent on the discovery mediation process, what the discovery master considered, and the recommendation itself.

By February 15, 2019, over two years had passed since plaintiff filed its complaint. Neither Grant's nor Combs' deposition had been taken, and defendants complained that plaintiff's discovery responses remained deficient. The trial court dismissed all of the claims and counterclaims with prejudice. The court explained as follows:

> Well, the Court after reviewing all of the documents submitted by and all the discovery requests and the recommendation of [the discovery master] the Court is inclined to grant the motion. The Court has reviewed the documents, the briefs, the pleadings and arguments. This has been a protracted, incredibly protracted, crept it [sic] along and I think a wasteful litigation on the Court's part.[5]

These appeals followed.

## II. STANDARD OF REVIEW

We review a trial court's dismissal of an action for an abuse of discretion. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Further, we review the "imposition of discovery sanctions for an abuse of discretion." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011). "An abuse of discretion occurs when the decision is outside the

---

[5] The trial court did not explicitly state whether it relied on a court rule in granting dismissal, but defendants cited MCR 2.313(B)(2)(c) and MCR 2.504(B)(1) in their motion to dismiss.

range of principled outcomes." *Id*. at 659-660. "This Court reviews any factual findings underlying a trial court's decision for clear error." *Id*. at 660. "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (cleaned up).

## III. ANALYSIS

Plaintiff argues that the trial court abused its discretion in failing to consider on the record the factors pertinent to the dismissal decision, and whether the imposition of lesser sanctions would not better serve the interests of justice, before dismissing the case with prejudice. We agree.

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388. "The trial court's front-line responsibility for the administration of justice mandates the potential use of sanctions for delay." *North v Dep't of Mental Health*, 427 Mich 659, 661-662; 397 NW2d 793 (1986). The most severe sanctions "provided by statute or rule must be available . . . in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id*. at 662 (cleaned up).

The Michigan Court Rules "explicitly authorize a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (cleaned up). Specifically, MCR 2.313(B)(2)(c) provides, "If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may order such sanctions as are just, including, but not limited to . . . dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.]"[6] Additionally, MCR 2.504(B)(1) provides, "If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Thus, under our court rules, dismissal "is a possible sanction for discovery abuses." *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396; 484 NW2d 718 (1992).

However, "[o]ur legal system is also committed to a countervailing policy favoring disposition [of] litigation on the merits," which is frequently found to be "overriding." *North*, 427 Mich at 662. Thus, the sanction of dismissal with prejudice "is to be applied only in extreme situations." *Id*. (cleaned up). See also *Kalamazoo Oil*, 242 Mich App at 87 ("a default entered as a sanction is a means to penalize a party for failure to comply with the trial court's directives and . . . should be entered only in the most egregious circumstances"). Consequently, " '[t]he trial court should carefully consider the circumstances of the case to determine whether a drastic sanction such as dismissing a claim is appropriate.' " *Id*. at 86, quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 628.

---

[6] This language is from the version of MCR 2.313 in effect in 2019, when the trial court entered its dismissal order. MCR 2.313 was amended June 19, 2019, effective January 1, 2020.

"Mindful of the fact that dismissal is a harsh remedy to be invoked cautiously, the trial court should evaluate the length, circumstances, and reasons for the delay in light of the need for administrative efficiency and the policy favoring the decision of cases on their merits . . . ." *North*, 427 Mich at 662. This Court has instructed that a trial court should consider the following nonexhaustive factors before imposing the sanction of dismissal:

> (1) whether the violation was wilful [sic] or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995).]

" 'Severe sanctions are generally appropriate only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary.' " *Kalamazoo Oil*, 242 Mich App at 86, quoting *Bass*, 238 Mich App at 26. That is, "the failure must be conscious or intentional, not accidental or involuntary." *Frankenmuth Mut Ins Co*, 193 Mich App at 397.

Further, " '[t]he record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it.' " *Kalamazoo Oil*, 242 Mich App at 86, quoting *Bass*, 238 Mich App at 26. "The sanctioning court is in a position to determine what sanction would be appropriate for curbing the sanctioned behavior, restoring order to the proceeding, and chastising the abuser for the improper conduct." *Kalamazoo Oil*, 242 Mich App at 87. But, "[b]ecause default is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Id*. at 88. The court must "evaluate on the record other available options before concluding that a drastic sanction is warranted." *Frankenmuth Mut Ins Co*, 193 Mich App at 397. See also *Vicencio*, 211 Mich App at 506-507 (holding that "because the trial court did not evaluate other available options on the record, it abused its discretion in dismissing the case.").

In the present case, the trial court explicitly considered the length of the delay ("incredibly protracted") and its need for administrative efficiency ("wasteful" for the court), but failed to articulate the reasons underlying the parties' delays in discovery or why dismissing the case with prejudice was just and proper. The circumstances underlying this protracted litigation might very well support the trial court's decision to dismiss all claims and counterclaims, especially considering that the court provided the parties with opportunities to rectify their discovery deficiencies. But, the court did not explicitly review the factors pertinent to the dismissal decision on the record, such as how and why the parties were at fault, whether the parties' conduct in delaying discovery was willful or involuntary, their history of refusing to comply with discovery orders or otherwise abusing the discovery process, whether the parties attempted to cure the discovery deficiencies, the extent to which the failures of each party prejudiced the other, or importantly, whether a lesser sanction than dismissal would better serve the interests of justice. See *Vicencio*, 211 Mich App at 506-507. Particularly, the court provided no indication that it considered the adequacy or responsiveness of the discovery that plaintiff ultimately produced,

including plaintiff's compliance, or lack thereof, with the court's directives, or whether plaintiff's failures were willful or deliberate. Likewise, while the record revealed defendants' uncooperativeness with providing depositions, the court made no findings that such conduct was considered, including whether it was willful and deliberate or in violation of the court's directives. And, while the discovery delinquencies undoubtedly prolonged the litigation, and presumably impeded the parties' ability to prepare their cases, the trial court made no findings regarding any actual prejudice to the parties.[7] In other words, the trial court neglected to articulate on the record the "how and why" justifying its decision to dismiss the case with prejudice for purposes of facilitating meaningful appellate review of its decision. *Adams v Perry Furniture Co (On Remand)*, 198 Mich App 1, 16; 497 NW2d 514 (1993), overruled in part on other grounds by *Allied Electric Supply Co v Tenaglia*, 461 Mich 285, 289.

Here, without explanation why the protracted litigation justified dismissal with prejudice, as opposed to a lesser available sanction, in light of the factual disputes presented, we cannot review the decision for an abuse of discretion. See *Adams*, 198 Mich App at 16. "It is imperative that the trial court balance the [pertinent] factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil*, 242 Mich App at 88. But the court neither made a record of any analysis regarding the parties' conduct in light of the pertinent factors, nor explained why lesser sanctions than dismissal with prejudice were inadequate. While the trial court indicated that it reviewed the documents submitted by the parties and the discovery master's recommendation, the court did not elaborate about that recommendation or the reasons for it. In the absence of any findings regarding the fact-intensive issues present in this case, it not apparent, aside from the protracted nature of the litigation, what the trial court considered in reaching its determination that dismissal, as opposed to lesser sanctions, was appropriate. See *Id*. at 86-87; *Vicencio*, 211 Mich App at 506-507.[8]

---

[7] Arguably, plaintiff's delay in responding, and in allegedly failing to sufficiently respond, to defendants' discovery requests delayed the case and presumably impeded defendants' ability to prepare their case, particularly as it concerned their counterclaims for which they sought discovery that was never provided relating to the "other matters" in which Combs provided legal services to Grant. Likewise, defendants' failure to cooperate with depositions likely impeded plaintiff's ability to prepare its case, because presumably, given the nature of their claims (involving the services the parties provided, the agreements between the parties, and their nonpayment of fees), both parties would have had a significant interest in obtaining each other's depositions, yet the record reflected uncooperativeness on the part of defendants. But, these present factual determinations.

[8] We note, without expressing an opinion regarding their appropriateness, that other remedies might have been potentially available to remedy any prejudice. See MCR 2.313(B)(2). And, while the motion to dismiss was pending, plaintiff filed a motion to compel Combs' deposition and to extend scheduling dates, but the court did not consider the motion. The trial court, however, is not required to "engage in a series of less drastic sanctions" before imposing the sanction of dismissal with prejudice. *North*, 427 Mich at 661.

When the trial court fails to place its reasoning for dismissing a case with prejudice on the record, this Court has reversed and remanded for further consideration on the record of the appropriateness of the sanction. In *Adams*, this Court explained as follows:

> The circuit court failed to carefully evaluate all available options on the record before concluding that the drastic sanction of dismissal was just and proper. The court also failed to find on the record that the plaintiff's failure to comply with the discovery order was wilful [sic]. Accordingly, we reverse the trial court's decision of default judgment and remand for a rehearing for the imposition of appropriate sanctions, including the possibility of dismissal. [*Adams*, 198 Mich App at 17-18 (cleaned up).]

See also *Vicencio*, 211 Mich App at 506-507; *Hanks v SLB Mgt, Inc*, 188 Mich App 656, 658-659; 471 NW2d 621 (1991) (holding that the court abused its discretion in dismissing the plaintiff's action when it failed to determine on the record whether the plaintiff's failure to pay a monetary discovery sanction was willful, to consider all available options on the record, or whether dismissal was just and proper under the circumstances).

Similarly, here, in the absence of a record of the reasons supporting the trial court's decision, we reverse and remand for further consideration on the record of the appropriate sanction under the circumstances—including the possibility of dismissal with prejudice. The trial court "is in the best position to know the severity of the discovery abuses," and, consequently, to determine an appropriate sanction that is "proportionate and just." *Kalamazoo Oil*, 242 Mich App at 87-88. To facilitate appellate review, on remand " '[t]he record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it.' " *Id*. at 86, quoting *Bass*, 242 Mich App at 26.

Lastly, we decline to address defendants' issue regarding whether summary dismissal of plaintiff's claims under MCR 2.116(C)(7) was proper on the ground that plaintiff's claims are barred by the statute of limitations. From our review of the record, it appears that the trial court, having dismissed the case for lack of progress with discovery, never decided defendants' (C)(7) motion. This Court "need not address an issue that was not the basis of the trial court's decision." *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014). "[T]hough we might exercise our discretion to review the issue as a question of law for which the necessary facts have been presented, this Court should decline to do so when it would require us to construct and evaluate our own arguments." *Id*. We decline to decide the issue here. It appears that, at the time the court dismissed the case, plaintiff had not responded to defendants' (C)(7) motion. Nor did plaintiff brief the issue on appeal, and defendants gave the issue only cursory treatment on appeal.[9]

---

[9] "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). "Insufficiently briefed

If this case requires further development of this issue, such development should take place in the trial court.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ /Michelle M. Rick

---

issues are deemed abandoned on appeal." *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001).