*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL FRAZIER,

       Plaintiff-Appellee,

v

BOBBY OSBORN AND OSBORN TRUCKING
COMPANY, INC,

       Defendants-Appellants.

UNPUBLISHED
August 10, 2023

No. 363536
Genesee Circuit Court
LC No. 21-115354-CH

Before: BOONSTRA, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

This appeal arises from the trial court entering a default judgment against defendants as a sanction for failure to comply with discovery requests. We agree with defendants that the trial court erred in doing so and we reverse and remand for further proceedings.

The underlying facts that gave rise to this dispute are not particularly relevant to the resolution of this appeal. Briefly, plaintiff and defendant Osborn ("Osborn") were involved in a long-term relationship. Plaintiff owned a home in Grand Blanc in her name alone. Osborn owned and operated a business, defendant Osborn Trucking. Plaintiff claims to have worked for the business for 11 years as an executive assistant and account manager, for which she was unpaid, despite promises of compensation. While Osborn claims to have made substantial financial contributions to the residence and its purchase, plaintiff claims that Osborn only made minimal financial contributions.

This dispute gave rise to two lawsuits. The first, by Osborn against plaintiff, is not at issue in this appeal. The second, by plaintiff, which is at issue in this appeal, alleged a number of claims. Plaintiff claimed breach of contract for Osborn Trucking's failure to compensate her work for the business. She also made claims for unjust enrichment, quantum meruit, and promissory estoppel, both by the business for the failure to compensate her and reimburse expenses as well as against Osborn arising out of his continued residence in the home and plaintiff's personal services, such as cooking and cleaning. She alleged conversion of personal property by Osborn. And she plead

claims for assault, battery, and intentional infliction of emotional distress against Osborn. But the merits of these claims are not relevant to this appeal.

What is at issue in this appeal is defendants' failure to comply with discovery and the trial court's default-judgment sanction imposed for that failure. On September 8, 2021, plaintiff filed a motion to compel discovery stating that defendants failed to respond to plaintiff's first interrogatories and first request for production of documents. On September 17, the trial court entered a stipulated order that set September 24 as the discovery deadline. Defendants failed to comply. In response to plaintiff's motion to show cause, the trial court entered an order setting a hearing for October 11. Defendants failed to appear and the trial court entered an order requiring defendants to appear and show cause at an October 25 hearing. Defendants again failed to appear, resulting in the trial court ordering defendants to supply the discovery responses by November 8. When defendants failed to comply with that order, on November 9, the trial court entered an order granting plaintiff a default judgment in the amount of $195,000, representing treble damages for plaintiff's conversion claim. The order also released to plaintiff an additional $162,073.19 that was being held in escrow from the sale of the Grand Blanc home. Defendants thereafter unsuccessfully moved to set aside the default judgment and for reconsideration of that motion.

We review de novo issues of court rule interpretation and application. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). We review for an abuse of discretion the trial court's decision to grant or deny relief from judgment and rulings on motions to set aside default judgments. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (199); *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010).

As for whether the issue is preserved for appellate review, we are directly reviewing the trial court's decision and the trial court's reasoning behind that ruling. Plaintiff argues that defendants cannot now argue that the trial court employed the wrong standard in assessing the appropriate sanction, or in considering defendants' motion to set aside the default judgment. But MCR 2.517(A)(7) provides that "[n]o exception need be taken to a finding or decision." See also *Kostreva v Kostreva*, 337 Mich App 648, 653; 976 NW2d 889 (2021).

Defendants raise two arguments on appeal. First, that the default judgment must be reversed because the trial court failed to evaluate the appropriate sanctions in light of this Court's unpublished decision in *Drew v Nationwide Mut Fire Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued August 18, 2022 (Docket No. 358546). Second, defendants argue that the trial court applied the incorrect standard of review in granting a default judgment by requiring that defendants present a meritorious defense.

We turn first to the second issue raised by defendants: whether the trial court applied the incorrect standard of review in granting a default judgment by requiring the showing of a meritorious defense. While defendants misframe this issue, we ultimately agree that the trial court erred in requiring that defendants demonstrate a meritorious defense.

This case presents some procedural peculiarities. Following the trial court's granting of a default judgment in plaintiff's favor as a discovery sanction, defendants filed a motion to set aside the default judgment, which the trial court denied. In denying that motion, the trial court's order stated that "while . . . the good cause prong for setting aside default has been satisfied by counsel's

indications of a personal tragedy that impacted his ability to timely take action on Defendant's [sic] part, nevertheless for the reason stated in Plaintiff's response the Court is unpersuaded a meritorious defense to plaintiff's claims has been stated." Defendants then moved for reconsideration of the denial of the motion to set aside the default judgment, which the trial court also denied.

We agree with defendants that the trial court erred in requiring a showing of a meritorious defense. There appears to be a great deal of confusion by both the parties and the trial court, resulting in the conflation of the granting (and setting aside) of a default judgment as a discovery sanction under MCR 2.313(B)[1] with a default judgment under MCR 2.603. MCR 2.603(D)(1) requires the showing of good cause and a showing of a meritorious defense before a default or default judgment may be set aside. But MCR 2.603 only applies to defaults entered because a party "has failed to plead or otherwise defend as provided by these rules . . . ." MCR 2.603(A)(1). But we are not dealing with a default judgment entered due to a failure to appear and defend; rather, it is a default judgment entered as a sanction under MCR 2.313(B)(2)(c). And there is no parallel in MCR 2.313 to MCR 2.603 that requires a showing of good cause and a meritorious defense before setting aside a default judgment under MCR 2.313 (or to set aside any other sanction imposed under that rule). Indeed, there is not a rule for setting aside any sanction under MCR 2.313. In the absence of such a provision, we can only conclude that defendants' recourse was the same as any other ruling with which a party might believe was in error: filing a motion for reconsideration. [2]

With this in mind, the trial court should have treated defendants' motion to set aside the default judgment as a motion for reconsideration of the default judgment as a discovery sanction. In doing so, the trial court should have considered whether it correctly determined under the court rule that a default judgment was an appropriate sanction. It erred, however, in applying MCR 2.603's standard that is used where a default judgment is entered for a failure to appear and defend. That is, the trial court erred by requiring a showing of good cause and a meritorious defense.

It seems likely that the trial court would have granted reconsideration if it had not demanded a showing of a meritorious defense in light of the trial court's conclusion that defense counsel's personal tragedy constituted good cause for defendants' failure to timely comply with

---

[1] MCR 2.313(B)(2)(c) specifically allows as sanction the dismissal or judgment by default against the disobedient party.

[2] This also addresses an argument raised by plaintiff, that the trial court should never have entertained defendants' motion to set aside the default because there is no mechanism for setting aside a default judgment imposed as a discovery violation sanction. Plaintiff argues that there is no opportunity to have such a default set aside, unlike where the default judgment is granted under MCR 2.603 for failure to appear and defend. Plaintiff is correct to the extent that, as discussed, the correct process in discovery sanction cases would be a motion for reconsideration rather than a motion to set aside the default judgment. But we reject the suggestion that the trial court would never have the opportunity to correct its mistake short of a reversal and remand by this Court on appeal.

discovery. Nevertheless, we turn briefly to defendants' first argument: that the default judgment was not the appropriate sanction in this case.[3]

Initially, we note that, strictly speaking, defendants' argument on this point lacks merit. Defendant argues that the trial court erred by not following this Court's unpublished opinion in *Drew v Nationwide*. But our unpublished opinions lack precedential value, MCR 7.215(C)(1) and, therefore, it can never be error for a trial court to fail to apply a ruling in an unpublished opinion to any other case. But, having said that, the trial court was obligated to follow the published decisions upon which *Drew* relied, and upon which defendants also rely in their brief on appeal, such as *Vicencio v Ramirez*, 211 Mich App 501; 536 NW2d 280 (1995), and *Swain v Morse*, 332 Mich App 510; 957 NW2d 396 (2020).

In *Vicencio*, 211 Mich App at 506-507, this court held that dismissal[4] is an extreme sanction and specific factors must be considered:

> Dismissal is a drastic step that should be taken cautiously. *Barlow v John Crane–Houdaille, Inc*, 191 Mich App 244, 251; 477 NW2d 133 (1991). Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper. *Hanks v SLB Management, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991). Here, because the trial court did not evaluate other available options on the record, it abused its discretion in dismissing the case. *Id*.; *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987).

> Moreover, under these facts, dismissal was inappropriate. Our legal system favors disposition of litigation on the merits. *North v Dep't of Mental Health*, 427 Mich 659, 662; 397 NW2d 793 (1986). This Court has summarized some of the factors that a court should consider before imposing the sanction of dismissal: (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. *Dean v Tucker*, 182 Mich App 27, 32–33; 451 NW2d 571 (1990). This list should not be considered exhaustive. *Id*. at 33.

Defendants argue that the trial court did not consider any of these factors and that plaintiff would not be able to point to any place in the record where the trial court performed such an analysis. While plaintiff's citations to the record are sparse in this respect, plaintiff does argue that the trial

---

[3] And that is precisely the issue that defendants would be raising on appeal had the trial court denied reconsideration without erroneously applying the standard under MCR 2.603.

[4] While *Vicencio* involved a dismissal, in the context of discovery sanctions, a default judgment against a disobedient defendant is the equivalent of dismissing a disobedient plaintiff's case, as reflected in the pairing of the two sanctions in MCR 2.313(B)(2)(c).

court considered its options regarding sanctions. But plaintiff's argument mainly focuses on whether default was an appropriate sanction.

While plaintiff is correct that plaintiff's counsel set forth various options for sanctions, the transcript of the November 8, 2021 hearing does not reflect that the trial court considered the propriety of those options. After counsel's argument, the trial court simply asked counsel "what would you like your order to say? Because what you say it's going to say is what it is going to say." Counsel requested that a default be entered against defendants. The trial court responded by saying "Default request granted." Thus, the transcript does not reflect that the trial court weighed its options. Rather, it merely reflects that the trial court simply granted whatever sanction plaintiff requested.

As discussed above, this is further complicated by the trial court's statement in the order denying the motion to set aside the default judgment that defendants had shown good cause, yet failed to show a meritorious defense. While it is conceivable that the trial court may nevertheless have still imposed the sanction of a default judgment had it clearly considered the appropriate factors as outlined in this Court's published opinions on the topic, including not requiring a showing of a meritorious defense, it is by no means certain that it would have reached the same conclusion. We can only reach the conclusion that the trial court erred in its decision.

Because the trial court did not provide the appropriate analysis on the issue, we are unable to determine whether the trial court correctly or incorrectly reached the decision to impose the drastic sanction of awarding a default judgment as a discovery sanction. Accordingly, we do not address the parties' arguments regarding whether default judgment was the appropriate sanction and offer no opinion on whether such a sanction is warranted in this case.

In sum, the trial court committed two errors here. First, the trial court failed to provide a sufficiently detailed analysis of what would be the appropriate discovery sanction. See *Vicencio,* 211 Mich App at 506-507. Second, it incorrectly applied the standard under MCR 2.603 for setting aside a default judgment rather than simply treating defendant's motion as one for ordinary reconsideration of the trial court's determination to grant a default judgment as the sanction pursuant to MCR 2.313(B)(2)(c). Because it is necessary that the trial court reconsider the sanction decision itself, we reverse the trial court's order granting a default judgment. On remand, the trial court shall readdress what sanction, if any, is appropriate and explain its reasoning for that determination.[5]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendants may tax costs.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

[5] Again, we are not addressing what is the appropriate sanction. The trial court may consider all possible sanctions, including a default judgment, and impose that which it concludes is appropriate under the circumstances.

-5-